[No. 724.  October 2, 1897.]

LINCOLN LUCKY & LEE MINING COMPANY, Plaintiff in Error, v. ALEXANDER M. HENDRY, Defendant in Error.

EJECTMENT— CONSOLIDATION OF SUITS—JUDICIAL DISCRETION.—The right of the courts of this territory to order the consolidation of causes, in their discretion, is indisputable, and the exercise of such discretion is not subject to reversal, except in cases of palpable abuse.

ID.—TITLE—OFFER TO PROVE AND FAILURE TO PRODUCE DOCUMENTS.—An offer to prove a chain of title is properly refused, where the party making the offer fails to produce the documents when asked to do so.

ID.—INSTRUCTIONS.—Where requests to charge the jury, submitted by defendant, were fully covered by the charge of the court, defendant could not complain.

ID.—OUSTER UPON AND UNDER SURFACE.—There is no distinction between an ouster upon the surface and an ouster under the surface of the earth, except in cases arising under the mining laws by virtue of section 2322, Rev. Stat. U. S.

ID.—ERROR — EVIDENCE—OMISSION FROM RECORD — PRESUMPTION.— Where a claim of error is based on a question of fact, the correctness or incorrectness of which can not be discerned from the record, the correctness of the judgment of the court below will be presumed. Witt v. Cuenod, 9 N. M. 143, ante.

*Error,* from a judgment for plaintiff, to the First Judicial
District Court, Santa Fe County. Affirmed.

The facts are stated in the opinion of the court.

Warren, Fergusson & Gillett for plaintiff in error.

The court below erred in making the order of consolidation. Even under section 921, Revised Statutes, separate actions can not be consolidated for any purpose, where the defenses differ, as here, unless by consent of parties. Mutual Life Ins. Co. v. Hillmon, 145 U. S. 285. See, also, Cox Com. Law Prac. 239, sec. 7; 2 Arch. Prac. 180; Graff v. Musser, 3 Serg. & R. 262; Scott v. Cohen, 1 Nott. & M. 413; Bones v. National Bank, 67 Ga. 339; Smith v. Crabb, 2 Stra. 1178; Bayly v. Roby, 1 Id. 420; Reid v. Dodson, 1 Overt. 396; Wallace v. Eldridge, 27 Cal. 498; Merrill v. Lake, 47 Am. Dec. 377; Blasch v. Chicago, 44 Wis. 593; Ortman v. Ry. Co., 32 Kas. 419; Bangs v. Dunn, 66 Cal. 72; Wilkinson v. Johnson, 4 Hill. 745; Howard v. Chamberlain, 64 Ga. 684.

The court erred in excluding competent and material evidence offered by defendant, to his prejudice. The relative rights of the parties, as determined by the law governing possession without title, are materially different from those existing under the mining laws of the United States and of New Mexico. Field v. Gray, 25 Pac. Rep. 793; Bay State Co. v. Brown, 21 Fed. Rep. 167; Dickenson v. Colgrove, 100 U. S. 582; Moorehouse v. Phelps, 21 How. 294; Reynolds v. Iron Silver, 116 How. 687.

Neill B. Field for defendant in error.

The order of consolidation was properly made. Rev. Stat. U. S., sec. 921; Mut. Life Ins. Co. v. Hillman, 145 U. S. 285; Folsom v. U. S., 7 Gild. (N. M.) 532; Putnam v. Lyon, 32 Pac. Rep. 492; Russell v. Chicago, etc., Co., 29 N. E. Rep. 37; Pelzer v. Ins. Co., 15 S. E. Rep. 562; Grant v. Davis, 31 N. E. Rep. 587; Dem v. Kemble, 9 N. J. L. 335;

Jackson v. Stiles, 5 Cow. 282; Keep v. Indianapolis, etc., Co., 10 Fed. Rep. 454; Railway v. Jones, 49 Id. 343; Powell v. Gray, 1 Ala. 77; 4 Ency. Pl. & Pr. 688, note 1.

The right to the possession of the surface of the earth carries with it the right to the possession of everything beneath the surface to the center of the earth.    Rev. Stat., sec. 910; Mining Co. v. Mining Co., 11 Mar. Rep. 608; Pardee v. Murray, 2 Pac. Rep. 16; Iron Silver Co. v. Elgin Co., 118 U. S. 196; Bradley v. Lee, 38 Cal. 362; Mallett v. Min. Co., 1 Mar. Rep. 17; English v. Johnson, 12 Id. 202; Aurora Co. v. Min. Co., 15 Id. 581; Hicks v. Coleman, 25 Cal. 122; Hawes v. Min. Co., 160 U. S. 303.

COLLIER, J.—This was an action of ejectment, brought by the defendant in error against the plaintiff in error for the possession of a mining claim known as the "Anaconda Mine," situated in Santa Fe county, New Mexico, the facts in regard to which are sufficiently stated in the opinion.    In the view that we take of this case, many questions which are pressed upon our attention in the briefs, and which were urged upon the oral argument, may, with entire justice to all parties, be left to be decided when they arise in a case where the determination is necessarily involved.    One question of practice, however, should be passed upon, and that is whether or not there was error in the order of consolidation.    It is insisted by plaintiff in error that the order of consolidation was prejudicial to it, and that such predju-

CONSOLIDATION
of suits: judicial
discretion.

dice is affirmatively shown by the record, in that it appears that this plaintiff in error relied upon a defense entirely different from that relied on by the plaintiff in error, Middleton, in the other cases.    We are, however, unable to discover any force in the contention, because we think priority of possession was the one question in both cases.    We think the right of courts to order the consolidation of causes in this territory in their discretion can not be disputed, and that the exercise of such discretion is not subject to a reversal, except in cases of palpable

abuse thereof.    Insurance Co. v. Hillmon, 145 U. S. 285; 12
Sup. Ct. 909; Keep v. Railway Co., 10 Fed. Rep. 454.

On the trial of this case the parties, by their respective
counsel, entered into a stipulation in writing as to the truth of
certain facts, which, if material and relevant, tended to show
that the ground in controversy was within the exterior boun-
daries of what was known as the "Canon Del Agua Land
Grant," a private land claim confirmed by the congress of the
United States in 1866 to one Jose Serafin Ramirez and his
heirs,for which a patent was issued by the United States on the
first day of July, 1875; that before the rights of any of the par-
ties to this suit attached, proceedings were begun in the district
court, Santa Fe county, by the United States to cancel the said
patent, and such course was had therein that the bill of com-
plaint of the United States was dismissed.    Upon appeal to
this court the judgment of the district court was reversed, and
a decree was entered by this court on the twenty-third day of
January, 1888, that said patent and survey upon which it was
based, "be, and the same are hereby respectively forever
annulled and set aside, and held for naught for any and all
purposes whatsoever."    Subsequently the case was taken on
appeal to the supreme court of the United States, when the
decree of the court was affirmed on the fourteenth day of
November, 1892.    A resurvey of the grant known as the
"Canon Del Agua Grant" was approved by the commissioners
of the general land office on August 30, 1894, and on the
sixteenth day of January, 1893, the commissioner of the gen-
eral land office of the United States wrote an official letter to
the surveyor general of the territory of New Mexico, in which
he said, among other things:    "No entries, filings, or loca-
tions of any description can be permitted upon the premises
granted by congress or heretofore relinquished by the govern-
ment to said Ramirez until the necessary resurvey has been
made, has been accepted as correct by the land department,
and become final under the rules as the basis of a new patent;
and the lands found not to be included in the grant have been
opened to disposition according to law."    Defendant in error

objected to the admissibility of the patent and the trial court sustained the objection, saying: "I will sustain the objection made by the plaintiff (defendant in error) to the introduction of that testimony offered, and under the stipulation, and I will presume for this case only, and for the purposes of this case, that the land in question at the time of the location of the Anaconda and the Lee was public land, and subject to location as made or attempted to be made by the respective parties, and I will submit the issue to the jury on the right of possession and the matter of damages, whatever they may be. I think this will present, probably, a plainer issue to the jury than for them to consider anything else, and it will effectually dispose of the right of possession of the property at the time of the bringing of this suit in question." The effect of this ruling was to exclude from the consideration of the jury the patent issued by the United States, and all the stipulated facts, and to make the case turn entirely upon the question of priority of possession. Subsequently the court rejected, on objection by defendant in error, an offer by plaintiff in error "to prove a complete chain of title from the original grantee to the Lincoln-Lucky & Lee Mining Company," he, in fact, not producing same, although given opportunity so to do. We think it enough to say as to this that, if plaintiff in error desired to prove such a chain of title, it should have produced the instruments upon which it was based, and that the court properly rejected the offer to prove such title because of failure to produce the documents when asked so to do. If plaintiff in error had proved a complete chain of title from Jose Serafin Ramirez for the locus in quo, it would devolve upon us to decide whether or not the trial court erred in rejecting the patent and stipulated facts; but, inasmuch as there was no such evidence in the case, we decline to pass upon the effect of the patent or decree of cancellation of patent and survey, and shall proceed to examine the instructions of the court, as well as the instructions requested by plaintiff in error, to ascertain

TITLE: offer to prove and failure to produce documents.

whether or not error prejudicial to plaintiff in error was committed.

We will first examine the instructions asked by the plaintiff in error, and refused. Without attempting to set out in detail in this opinion the requests to charge submitted by plaintiff in error, we feel constrained to say that we find no proposition contained in those requests which we consider sound, and applicable to the case, which is not fully covered by the charge of the court. Considered as a whole, the requests ask the court to charge the jury as to the rights of the respective parties under the mining laws of the United States, and, in so far as they correctly state the law, they are embraced in and fully covered by the charge of the court. The plaintiff in error claimed under the Lee location, made in 1892, and the defendant in error claimed under the Anaconda location in 1889, and the charge of the court fully and correctly explains to the jury the rights of the respective parties if the grant was, as was assumed by the court, public domain of the United States, mineral in character, and on the twenty-fifth day of May, 1889, subject to location under the mining laws of the United States and of the territory. Indeed, counsel for plaintiff in error on the oral argument distinctly disclaimed any claim of error in the charge if the mining laws of the United States and of this territory are applicable to this controversy. We hold that there was no prejudicial error in the charge, if the mining laws of the United States and of this territory do not apply, because, unless the plaintiff in error could justify its intrusion upon the possession of the defendant in error under these mining laws, it could not be justified at all, and the court should have directed a verdict for defendant in error. In this aspect of the case the material facts are undisputed. Defendant in error was in possession of the locus in quo on the surface of the earth, and the boundaries on the surface were sufficiently marked to render that possession an actual possession to the extent of those boundaries. While he was so in possession, the plain-

*Margin notes:* INSTRUCTIONS.   OUSTER upon and under surface.

tiff in error entered beneath the surface by a tunnel or other excavation, and ousted defendant in error. This entry by plaintiff in error was not until the month of May, 1892, while at the very time of the entry, and for months, if not years, before, the defendant in error was actually engaged in sinking a shaft. The plaintiff in error being without a claim of title to the surface, how can it justify its entry below the surface except under the mining laws? Certainly, if both parties were trespassers, there can be no doubt that the prior possession of the defendant in error would be sufficient as against the subsequent entry by plaintiff in error, if the entry was made upon the surface, and the ouster was there committed. Is the rule different because the entry was below the surface, and by way of a tunnel? Surely not. "Cujus est solum est usque ad coelum." Brown, Leg. Max. 395. While admitting the existence of this rule, counsel for plaintiff in error earnestly contends that the rule is different when the lands in controversy are mineral in character, and insists that a trespasser may have such possession of the surface of the earth as would enable him to maintain ejectment against a subsequent intruder who entered upon the surface, and ousted him, and that such possessions may still be insufficient to enable him to maintain ejectment against the same intruder if he enter beneath the surface upon a vein of mineral, and this without reference to the mining laws; but he has referred us to no case which sustains his contention. We hold the rule to be the same as to all character of lands, and that there can be no distinction between an ouster upon the surface and ouster beneath the surface, except in cases arising under the mining laws by virtue of section 2322, Revised Statutes.

Complaint is made that the court directed the jury that if they found for defendant in error they should assess his damages at a given sum. The transcript shows that two affidavits were offered and admitted in evidence in the same connection at folios 376, 377 and 378 of the record. One refers to the question of damages, as appears by the

ERROR: evidence: omission from record: presumption.

statement of counsel, and both are omitted from the record. Counsel for defendant specially called attention to this omission on the argument, and his claim is that these affidavits supported the judge's instructions on the measure of damages, and opposite counsel has made no effort to supply the omitted evidence. We have just held in the case of Witt v. Cuenod (handed down this day), that where the claim of error is based on a question of fact, the correctness or incorrectness of which can not be discerned from the record, the burden of showing error is not met, and the presumption of the correctness of the judgment of the lower court obtains. We cite, also, in support of this position, Cattle Co. v. Sully, 144 U. S. 209. The judgment of the lower court is affirmed.

Hamilton and Bantz, JJ., concur.