No. 43,639

RAINBOW COLOR FILM, INC., a Corporation, *Appellee*, v. (Milgram Food Stores, Inc., a Corporation, and the City of Kansas City, Kansas) MILGRAM FOOD STORES, INC., *Appellant*.

(392 P. 2d 947)

Opinion filed June 6, 1964.

*Charles S. Schnider*, of Kansas City, argued the cause, and *Joseph Cohen, John E. Shamberg, Joseph P. Jenkins, Barton P. Cohen, Jacob F. May, Jr., Norma Braly*, and *Frederick K. Cross*, all of Kansas City, were with him on the briefs for the appellant.

*Willard L. Phillips*, of Kansas City, argued the cause, and *P. B. McAnany, Thomas M. Van Cleave, Jr., James J. Lysaught*, and *John J. Jurcyk, Jr.*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's order whereby a general demurrer filed by the defendant, appellant herein, was overruled as was also a general demurrer filed by the city of Kansas City, Kansas, a co-defendant.

For convenience the appellee will be referred to as plaintiff; Milgram Food Stores, Incorporated, as defendant; and the city of Kansas City, as the city.

In substance, plaintiff's petition alleged the city owned the real property situated at the southeast corner of the intersection of Eighteenth Street and Chelsea Drive in Kansas City. The adjacent property to the south was owned by plaintiff and on the south fifty-one feet thereof plaintiff's business building was located with plaintiff's parking area between such business building and the city's property. Plaintiff's parking lot was on low ground and was constructed upon large wooden piles driven into the ground so the surface of the lot was elevated and level with the floor of plaintiff's business building and was also level with North Eighteenth Street upon which the lot fronts. The surface of the lot was made of steel reinforced concrete and asphalt. Prior to March 21, 1962, a

creek had for many years followed its natural course southeasterly through the city's property and the waters had passed safely by and through the northeast portion of plaintiff's parking lot without any damage thereto.

On December 6, 1960, the city by ordinance had granted defendant a twenty year franchise to use the city's property already mentioned herein as a parking lot. All expenses and construction thereof were to be the defendant's sole obligation. On March 31, 1962, defendant, with the city's approval as required by the ordinance, had constructed and placed in the ground an artificial channel for the waters of the creek consisting of a box-shaped steel reinforced concrete conduit one hundred five feet long, ten feet high, and twelve feet wide. Thereafter defendant covered the conduit with dirt and the natural channel of the creek was thereby completely filled in. The concrete conduit was so constructed that the open end pointed directly at the northeast portion of plaintiff's parking lot and especially at the large wooden piles which supported the concrete and asphalt superstructure. There were only twelve feet of space between the open end of the conduit and the supporting wooden piles on plaintiff's lot. On August 10, 1961, a high water flow due to heavy rain caused thousands of dollars of damage to the wooden piles and the parking surface they supported. Thus a dangerous nuisance was created by defendant and the city who have been advised of plaintiff's damages but have continued to do nothing in the way of correction thereof. Plaintiff, having no remedy at law, sought mandatory injunction against both the defendant and the city.

Count II of the petition set out the amount of damages claimed by plaintiff for damage, dislocation, and moving of the wooden piling supporting the superstructure of the parking lot as well as the cracking and collapsing in the surface thereof proximately caused on August 10, 1961, as heretofore stated.

Defendant's general demurrer attacking plaintiff's petition was overruled on February 27, 1963, from which order defendant perfected this appeal. The city earlier had likewise filed a general demurrer which had been overruled on July 25, 1962, but the city is not a party to this appeal. Thus we are confronted immediately with a question not raised by either party but one incumbent upon this court to determine and that is with respect to our appellate jurisdiction in this matter. Both the original and abstracted record before us fail to disclose any attempt on the part of

defendant to serve its notice of appeal upon the city, the other defendant, since the notice of appeal was filed April 19, 1963, and was addressed only to the plaintiff herein and its attorneys of record. Service was acknowledged and affidavit of proof of service thereon was waived by plaintiff's attorneys on the same date.

The sole specification of error is stated thus:

"The court erred in overruling the demurrer of the defendant, Milgram Food Stores, Inc., a corporation, to the petition of the plaintiff."

Under the circumstances we have no alternative but to conclude the appeal in this case must be dismissed under the authority of G. S. 1949, 60-3306, and cases written in conformity therewith including *State v. King,* 191 Kan. 318, 380 P. 2d 325, where the appropriate rule was stated:

"A notice of appeal of a civil action filed in the district court but which was not served on the adverse party or its attorney of record gives this court no jurisdiction of the appeal." (Syl.)

In *St. Francis Hospital & School of Nursing v. Lane,* 191 Kan. 349, 381 P. 2d 353, the above rule was reiterated in syllabus ¶ 2, and at page 351 basic reasons for the rule, and numerous authorities in support thereof, were discussed. More recently in *Graham v. Barber,* 192 Kan. 554, syl. ¶ 2, 390 P. 2d 23, an appeal was taken from the trial court's judgment sustaining a demurrer to plaintiff's opening statement as to one of two defendants, and we held the remaining defendant was a necessary party and failure to issue and serve notice of appeal thereon required dismissal of such appeal. The same is true in this case.

Appeal dismissed.