ROY E. SEIFFERT, Petitioner and Respondent, v. THE POLICE COMMISSION of the City of Helena, State of Montana, and FRED P. PFEIFFER, JAMES F. NEELY, and MICHAEL J. HUGHES, constituting the members of said Police Commission, Respondents and Appellants, and THE CITY OF HELENA, et al., Respondents and Appellants.

No. 10729.

Submitted July 13, 1964. Decided July 17, 1964.

394 P.2d 172.

Michael G. Chilton, City Atty., Helena, for appellants.
Lloyd J. Skedd, Helena, for respondent.

PER CURIAM.

In this cause a motion to dismiss the appeal was filed by the respondent on the ground that the appellants failed to perfect their appeal within six months after entry of judgment.

It appears that judgment was entered on December 17, 1963; a notice of appeal was filed in the district court on December 30, 1963, but no service thereof was made upon the respondent. On June 23, 1964, respondent served on appellants and filed in this court his motion to dismiss, together with a motion to quash writ of supersedeas heretofore issued by this court on December 30, 1963. Following service of such motions, and on the same day, June 23, 1964, appellants served a copy of their notice of appeal upon the respondent, being more than six months after entry of the judgment.

R.C.M.1947, § 93-8004, provides that an appeal from a final judgment in an action or special proceeding may be taken within six months after the entry thereof.

R.C.M.1947, § 93-8005, provides the method of taking an appeal in these words:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless, within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

In Creek v. Bozeman Water Works, 22 Mont. 327, 56 P. 362, decided in 1899, this court stated: "The statutory provisions regulating the manner of taking and perfecting appeals must be strictly pursued." Through a succession of opinions covering sixty-five years this court has never deviated from that holding.

Mr. Justice Matthews in Mitchell v. Banking Corporation, 81 Mont. 459, 465, 264 P. 127, 129, stated it in these words:

"The statutory provisions prescribing the mode of taking an appeal are mandatory and must be complied with or the appellate court acquires no jurisdiction of the matter. Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 P. 362; Hines v. Carl, 22 Mont. 501, 57 P. 88; Washoe Copper Co. v. Hickey, 23 Mont. 319, 58 P. 866; Featherman v. Granite County, 28 Mont. 462, 72 P. 972.

"The objections raised by the motion to dismiss therefore go to the jurisdiction of this court to hear and determine the appeal, and, if any one of them is well taken, or, in other words, if it appears from the record that any of the mandatory provisions of the above statute have not been complied with, we have no alternative to a dismissal of the appeal. Milliken v. Houghton, 75 Cal. 539, 17 P. 641; Seibert v. First Nat. Bank, 25 Okl. 778, 108 P. 628; Berlin Machinery Works v. Bradford-Kennedy Co., 21 Idaho 669, 123 P. 637."

In Endresse v. Van Vleet, 118 Mont. 533, 169 P.2d 719, Mr. Justice Adair reiterated such holding in these words:

"It is elementary that the first question which must be determined by a court in every case is that of jurisdiction. Fitzpatrick v. Sonoma County, 97 Cal.App. 588, 276 P. 113; Welsh v. Koch, 4 Cal. App. 571, 88 P. 604. In fact it is the duty of a court to examine its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction. Williams v. Sherman, 36 Idaho 494, 212 P. 971; McNee v. Hart, 117 Okl. 220, 246 P. 373; Kramer v. Pixton, 72 Utah 1, 268 P. 1029, 1031; Luckenbach v. Krempel, 188 Cal. 175, 204 P. 591; Kreiss v. Hotaling, 96 Cal. 617, 31 P. 740.

" 'The methods of taking appeals, being statutory and jurisdictional, must be followed, in order to give this court jurisdiction to entertain the appeal.' Featherman v. Granite County, 28 Mont. 462, 464, 72 P. 972, 973. 'The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court.' Clark v. Swartz, 87 Mont. 1, 285 P. 177, 178."

In In re Malick's Estate, 124 Mont. 585, 589, 228 P.2d 963, 965, Mr. Chief Justice Adair restated the principle in these words:

"The appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. Endresse v. Van Vleet, supra; Reardon v. Gilligan 122 Mont. 295, 202 P.2d 242; Clarke v. Swartz, 81 Mont 1, 2, 285 P. 177; Mitchell v. Banking Corporation of Montana, 81 Mont. 459, 465, 264 P. 127; Featherman v. Granite County, 28 Mont. 462, 72 P. 972; Washoe Copper Co. v. Hickey, 23 Mont. 319, 322, 58 P. 866; Hines v. Carl, 22 Mont. 501, 57 P. 88; Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 P. 362."

This language was again repeated in Green v. Dan Morrison & Sons, 140 Mont. 142, 368 P.2d 570. More recently it was again

stated in State Highway Comm. v. Alexander, 140 Mont. 436, 372 P.2d 426.

We say again, failure to serve the notice of appeal as required by section 93-8005, supra, deprives this court of jurisdiction to entertain the appeal.

Appellants cite Hodson v. O'Keeffe, 71 Mont. 322, 229 P. 722, as authority for the principle that the limitation of six months to apply for relief from a judgment taken against one through mistake, inadvertence, surprise, or excusable neglect under the former statute, section 93-3905, repealed in 1961, and now covered by the Rules of Civil Procedure, does not apply to a case where lack of power in the court to enter the judgment appears upon the face of the judgment roll, which it is argued will be the case here. What counsel overlooks is that this court had jurisdiction to entertain the appeal from the order denying the motion to set aside and vacate the judgment in the Hodson case. The court held that since six months had elapsed since the entry of judgment the attempted appeal therefrom was too late and could not be considered under our present section 93-8004, but this situation did not apply to the appeal from the order since it had been properly taken and within time.

In the instant case the court is lacking jurisdiction because of failure to timely and properly take the appeal.

For these reasons this court is without jurisdiction to entertain the appeal and it is ordered dismissed.

The motion to quash the writ of supersedeas is granted and the same is hereby ordered quashed.