539 P.2d 1024

**Tom WHITE and Bessie White, Plaintiffs-Appellants,**

v.

**Joe SINGLETON, d/b/a Triple J Mobile Homes Sales, Defendant-Appellee.**

**No. 1881.**

Court of Appeals of New Mexico.

Aug. 13, 1975.

Robert M. Strumor, Richard W. Hughes, Shiprock, for plaintiffs-appellants.

No appearance for defendant-appellee.

## OPINION

HERNANDEZ, Judge.

This action was tried in the District Court, without a jury, on plaintiffs' amended complaint alleging: 1) rescission and praying return of their $1,000.00, down payment toward the purchase of a mobile home, and 2) statutory damages as provided by 15 U.S.C. § 1640(a), of the Federal Truth in Lending Act. The trial court found that there had been a novation and the plaintiffs had been given a $1,000.-00 credit toward the purchase of a mobile home in the future and entered judgment accordingly. The defendant has elected not to participate in this appeal.

Plaintiffs appeal alleging three points of error. Points 1 and 3 are dispositive. Initially, however, we feel constrained in light of our brother Sutin's dissent hereto to explain our view of the propriety of accepting jurisdiction in this case. Facts discernable from the record regarding the motion for extension and the filing of the notice of appeal cause him to conclude that these proceedings are jurisdictionally deficient. Neither the motion for extension nor the notice of appeal included in the transcript proper indicate certification of service upon opposing counsel. Although proof of service of the motion for extension does not appear on the copy of the motion in the transcript prepared by the district court clerk for the purposes of

appeal, the copy of the motion in the skeleton transcript prepared by counsel *does* certify that service was made. We note that the skeleton transcript is required as part of the appellate process by Rule 6(a), § 21–12–6(a), N.M.S.A.1953 (Interim Supp.1974); and in light of the requirement that the skeleton be certified by the clerk of the district court, we have no difficulty with relying on the copies of the motion for extension and the notice of appeal included in the skeleton transcript for proof that opposing counsel was served.

▇ Finally, by way of concluding this discussion of the jurisdiction of this court to decide this appeal, we turn to our dissenting colleague's concern with the notice provisions of Rule 3(h), Rules Governing Appeals, supra. The rule says in pertinent part:

> " . . . Such an extension [of the time for filing notice of appeal] may be granted before or after the time otherwise prescribed by this rule has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

Since the new rule on extensions for filing notice of appeal [Rule 3(f)] is exactly the same as the one pertaining here, and since there are to date no New Mexico cases on the operation of the rule, we consider an expression of our understanding on this point to be appropriate. First, we note that the language, " . . . with such notice as the court shall deem appropriate", is unique among the various provisions for notice included in other sections of the Rules Governing Appeals. It appears that nowhere else in the rules is a trial judge given such complete discretion on a point involving the appellate process. Without timely filing of a notice of appeal, there can be no appeal, and the discretion of the trial judge to enlarge the time allowed thus becomes a crucial factor. Second, we believe that insofar as a motion for extension may be filed before the time for filing the notice has expired, the rule actually contemplates *ex parte* proceedings so long as service of notice of those proceedings is otherwise made. Once, however, the time for filing a notice of appeal has elapsed, we believe the rule affords the party not pressing the appeal an opportunity to challenge granting of the motion for extension. Such a challenge could involve an evidentiary hearing on the issue of excusable neglect or circumstances beyond the control of the appellant. In any event, we believe the appellee can waive challenge to the motion. That is what we assume occurred in this case. Appropriate notice here may have consisted of nothing more than a phone call. The motion for extension recited that, " . . . plaintiffs tried, before the time for appeal had expired, to notify their attorney that they wished to appeal the judgment herein, but that they were unable to reach him until the time had expired, and that these circumstances were beyond the control of plaintiffs or constituted excusable neglect." The trial court's order recited that, " . . . for good cause shown . . . ", the extension would be granted. The record before us does not demonstrate irregularity in the granting of this motion, and we are bound to presume the correctness of the proceedings in the trial court in the absence of any indication to the contrary. *Romero v. Sanchez,* 86 N.M. 55, 519 P.2d 291 (1974); *Mining Co. v. Hendry,* 9 N.M. 149, 50 P. 330 (1897). The extension of time for filing notice of appeal herein was properly granted, and this court has jurisdiction to decide the issues presented on their merits.

The pertinent facts are that on or about February 22, 1972, the plaintiffs signed a contract agreeing to buy a mobile home from defendant which was to be similar to one shown to them by defendant at his lot, but with certain agreed-upon differences. The contract was neither dated nor signed by the defendant. The trial court found that a copy had been given to plaintiffs. Plaintiffs, in three separate installments, paid $1,000.00 as down payment toward the purchase price of $8,389.48. Shortly after

the mobile home arrived from the factory, plaintiffs went to defendant's place of business to see it. Plaintiff, Bessie White, testified that it was not as ordered in several particulars and that she and her husband asked for a refund of their down payment. Defendant testified that plaintiffs went twice to see the unit and that only on the second visit did they say it was not as ordered, and asked for a refund. Nonetheless, defendant told plaintiffs that he would not refund their money. After some discussion defendant agreed to give them credit toward the purchase of another unit more to their liking. Plaintiffs, although not wanting another unit but fearful of losing their down payment, agreed. Defendant's wife prepared a document recording this alleged compromise which was signed by the plaintiffs but not by the defendant.

■ The sale of mobile homes in New Mexico is governed by the Motor Vehicle Sales Finance Act, § 50–15–2(A), N.M.S.A.1953 (Repl.Vol. 8, pt. 1, 1962). Section 50–15–7(A)(3), N.M.S.A.1953 (Repl.Vol. 8, pt. 1, 1962) provides in pertinent part:

> "The seller shall deliver to the buyer or mail to him at his address shown on the contract, a copy of the contract *signed by the seller*. Until the seller does so, a buyer who has not received delivery of the motor vehicle shall have the *right to rescind* his agreement *and to receive a refund of all payments made* . . . . Any acknowledgement by the buyer of delivery of a copy of the contract shall be in a size equal to at least ten [10] point bold type and, if contained in the contract, shall appear directly above the buyer's signature." [Emphasis Ours.]

> "The meaning of a statute is to be ascertained primarily from its terms and where they are plain and unambiguous there is no room for construction. Hence, the oft repeated maxim that 'a statute means what it says'." [Citations Omitted.] *Hendricks v. Hendricks,* 55 N.M. 51, 226 P.2d 464 (1950).

The terms of this section, as they apply to the facts of this case, are clear and unequivocal. The contract was not signed by the seller and the unit was never delivered to the buyer; therefore, they had a right to rescind the contract and receive a refund of the payments they had made.

Section 50–15–11(A), of the Act, supra, provides in pertinent part:

> "Any person who shall willfully violate any provision of the Motor Vehicle Sales Finance Act [50–15–1 to 50–15–12] . . . shall be guilty of a misdemeanor and upon conviction shall be punished by a fine not exceeding five hundred dollars ($500)."

Section 50–15–12, of the Act, supra, provides:

> "Any waiver of the provisions of this act . . . shall be unenforceable and void."

■ The judgment of the trial court was based essentially upon the following conclusion of law:

> "3. the parties reached an agreement whereby the refusal of plaintiffs to accept the mobile home and defendant's rights thereafter and the claim for refund of the plaintiff[s] was compromised with the defendant retaining the $1,000 and with plaintiffs receiving a credit in that amount to be applied on another purchase."

The trial court erred in so concluding for two reasons. First, because the effect of the alleged compromise agreement, in our opinion, amounts to an attempted waiver of the provisions of § 50–15–7(A)(3), supra, it is therefore unenforceable and void. Second, "[t]he general rule is that transactions in violation of a statute prescribing penalties are void." *Measday v. Sweazea,* 78 N.M. 781, 438 P.2d 525 (Ct.App.1968). We believe that defendant's refusal to give plaintiffs a refund pursuant to § 50–15–7(A)(3), supra, and his insistence upon their signing the compromise agreement constituted a violation under § 50–15–11(A), supra, and was therefore void.

The judgment is reversed and the cause remanded with instructions to set it aside and enter judgment for the plaintiffs including interest on their money from the date delivery was refused. Cost of this appeal are to be borne by defendant.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

A. *This Court lacks jurisdiction to decide this case.*

(1) *Extension of time for appeal was erroneous.*

Judgment was entered on November 4, 1974. On December 5, 1974, after the expiration of 30 days, plaintiffs moved to extend the time for appeal pursuant to Rule 3(h) of Rules Governing Appeals. Section 21–12–3(h), N.M.S.A.1953 (Int.Supp.1974). This motion was not served on defendant. The following morning, absent defendant, the trial court granted the motion and extended the time. This order was not served on defendant.

Rule 3(h) provides in part:

Upon a showing of excusable neglect or circumstances beyond the control of the appellant, the district court may extend the time for filing notice of appeal . . . . [I]f a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

The trial court evidently deemed no notice to be appropriate. No hearing was held.

Plaintiffs' motion claimed Rule 3(h) applied because "plaintiffs tried, before the time for appeal had expired, to notify their attorney that they wished to appeal the judgment herein, but that they were unable to reach him until the time had expired".

Defendant was denied the right to challenge the extension of time granted plaintiffs to appeal.

Defendant was not notified of the notice of appeal, the order settling the bill of exceptions or appellants' brief-in-chief filed March 10, 1975. From all that appears of record, defendant first learned of the appeal on or about April 25, 1975 when this Court was notified that defendant would not file an answer brief in this appeal.

The extension of time granted to file a late notice of appeal is void for lack of due process. Notice of appeal, having been filed late, this Court lacks jurisdiction to determine the merits of this appeal.

(2) *Defendant is not a party to this appeal.*

Rule 4(c) of the Rules Governing Appeals provides:

Not later than the date of filing the notice of appeal any party appealing *shall make service of a copy thereof* on all other parties whose rights he seeks to have determined on the appeal and promptly file proof of service with the clerk of the district court. *A party not so served shall not be a party to the appeal unless brought in by order of the appellate court.* . . . [Emphasis added].

This rule is mandatory and compliance with it is essential. In the instant case, the notice of appeal was not served on defendant and proof of service of the notice of appeal was not made. Defendant was not brought in by order of this Court.

Defendant is not a party to this appeal. This Court lacks jurisdiction to render an opinion in this case. The appeal must be dismissed. *Hanson v. Zoller,* 174 N.W.2d 354 (N.D.1970); *Seiffert v. Police Commission of City of Helena,* 144 Mont. 52, 394 P.2d 172 (1964); *Rainbow Color Film, Inc. v. Milgram Food Stores, Inc.,* 193 Kan. 168, 392 P.2d 947 (1964); 4A C.J.S. Appeal and Error § 596, n. 36.