607 P.2d 1157

John Merl GUESS, Administrator of the Estates of Virginia Madine Guess, Cecil Wayne Guess and Janet R. Guess, Individually and as Guardian and Next Friend of Carrie Guess, a minor, Plaintiff-Appellant,

v.

GULF INSURANCE COMPANY, Defendant-Appellee.

No. 12323.

Supreme Court of New Mexico.

March 21, 1980.

Gary M. Jeffreys, Deming, for plaintiff-appellant.

Crouch, Parr & Valentine, J. R. Crouch, Las Cruces, for defendant-appellee.

## OPINION

EASLEY, Justice.

Guess sued his automobile insurance company, Gulf Insurance (Gulf), seeking recovery under the uninsured motorist provisions of his policy. The district court granted Gulf's motion to dismiss and denied Guess' motion for an extension of time in which to file a notice of appeal. Guess appeals this denial. We reverse and remand.

The sole issue on appeal is whether the trial court abused its discretion in denying Guess' motion for an extension of time in which to appeal. Guess claims: (1) that there was substantial evidence of excusable neglect or circumstances beyond Guess' control, which prevented timely filing of the notice; and (2) that the attorney representing him at the time of dismissal suffered from a disability that interfered with the attorney's ability to properly handle his case.

Guess had been represented by Paul F. Sherman. On August 9, 1978 the trial court advised Sherman and J. R. Crouch, Gulf's attorney, of its decision to grant Gulf's motion to dismiss Guess' complaint. In a letter to both attorneys the judge directed Crouch to prepare a proposed order and submit it to Sherman for approval as to form, which Crouch did on August 14th. On August 21st Sherman wrote to Crouch, with a carbon copy to the judge, to advise Crouch that Guess had decided to engage Gary Jeffreys to represent him in the case. He acknowledged that the proposed order had come to his office but that he had been out of the office until the day his letter was written. "I respectfully request that you grant Gary (Jeffreys) *time to review my file prior to approving the order* as submitted. I will be forwarding to you a copy of my withdrawal with substitution of Gary Jeffreys. Should you have any questions, please feel free to contact either myself or Gary Jeffreys." (Emphasis added.)

On August 22nd Crouch wrote the trial judge to report that Sherman had not approved the order and forwarded another order for the court to sign and to enter. A copy of this letter was not sent to Sherman or Jeffreys. By letter of August 28th Jeffreys submitted to Sherman a stipulation of withdrawal of Sherman from the case and consent to substitution of Jeffreys. This stipulation was not returned by Sherman until about one week later.

On August 30 Crouch wrote the judge to advise him that Sherman had written him that Jeffreys would be representing Guess and that Sherman "requested an *additional week within which time the order could be entered*." (Emphasis added.) (Sherman had asked on behalf of Jeffreys for "time to review my file.") Crouch further stated that on August 24th he had received from Sherman a Motion for Substitution of Parties and an order substituting the firm of Smalley & Sherman for the firm of Sherman & Sherman. Crouch asked the trial court to consider entering the proposed order, despite the provision in the informal order of the trial court that the form was to be approved by opposing counsel. The copy of Crouch's letter to the judge indicated a carbon copy to Sherman. Sherman's testimony was equivocal as to whether he received a copy of Crouch's letter of August 30th asking the court to enter his proposed order; at a later hearing, Sherman testified that he did not remember making this fact known to Jeffreys.

The trial court entered its order of dismissal on August 31st, with copies to Sherman and Crouch. Jeffreys insisted at the hearing that Sherman did not forward to Jeffreys any of the correspondence subsequent to August 21st and that Sherman did not send him a copy of the order of dismissal of August 31st or otherwise advise him of the entry of the order. Insofar as is mate-

rial to the issues here, from the record it appears that neither the judge nor Crouch sent copies of letters or documents to Jeffreys or communicated with him in any manner after becoming aware that he was to take over the case.

Eight days after the case had been dismissed, on September 8th, Jeffreys wrote Crouch, enclosing a copy of the notice for substitution of counsel, advising him that he had reviewed the proposed order of dismissal and that he objected to it. He also advised Crouch that he intended to appeal the granting of the dismissal order. Crouch did not respond to this letter. Jeffreys claims that he did not learn that the order of dismissal had been filed until October 18. He filed a motion for an extension of time to file notice of appeal on October 19 and filed a Notice of Appeal on October 30, the sixtieth day after the order of dismissal was filed. The trial court had a hearing on the motion but denied it. Guess appeals this denial.

Jeffreys further claims that Sherman was suffering from an alcohol-induced disability which resulted in Sherman's not properly attending to his client's case. This claim was not supported by findings of the trial court or by the record. However, proceedings below indicate the trial court was aware that Sherman was having a serious problem of some kind; there is a clear indication in the record that the court felt that the problem might be interfering with Sherman's handling of this case. Mr. Sherman died January 1, 1979.

Guess relies on Rule 3(f) of the New Mexico Rules of Appellate Procedure, N.M. S.A.1978, which provides:

(f) Extending time for filing notice of appeal. Upon a showing of *excusable neglect or circumstances beyond the control of appellant*, the district court may extend the time for filing the notice of appeal or application for an order allowing an appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this rule. (Emphasis added.)

Thus, under Rule 3(f), the district court had the discretion to extend for another thirty days the thirty-day appeal period provided for in 3(a) of the appellate rules, provided the facts supported the request. The extension may be granted before or after expiration of the first thirty-day period. *See* Rule 3(f). In this case, dismissal was ordered August 31, 1978. Forty-nine days later, on October 19, Guess requested an extension of time. He filed a notice of appeal on October 30, the last day that filing a notice of appeal is permissible under the extension provision. We must determine whether the facts in this case show sufficient cause for granting the extension and, if so, whether the trial court abused its discretion in denying the motion.

It is helpful to a determination of this issue to follow the history of the ancestors of the New Mexico rule at the federal level. Federal Rule of Appellate Procedure 73(a), as promulgated in 1937, did not provide for any extension of time, discretionary or otherwise, within which a notice of appeal could be filed. 9 *Moore's Federal Practice* ¶ 203.22 at 765 (2d ed. 1975). In 1946, the rule was amended to permit an extension on "a showing of excusable neglect, based on a failure of a party to learn of the entry of the judgment". *Id.,* ¶ 203.24(2) at 773. In 1966, this subdivision was amended to allow an extension upon a showing of any form of excusable neglect. This eliminated the pre-1966 requirement that the excusable neglect had to be based on the failure of a party to learn of the entry of the judgment. In discussing the 1966 amendment, the Advisory Committee noted that the district court should have the authority to extend the time "in extraordinary cases where injustice would otherwise result". *Id.,* ¶ 203.25(3) at 783.

The rule is now codified as Federal Rule of Appellate Procedure 4(a)(5), after having been amended again as of August 1, 1979. It reads in pertinent part:

The district court, upon a showing of excusable neglect or *good cause*, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time pre-

scribed by this Rule 4(a). \* \* \* Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. \* \* \* (Emphasis added.)

Our Rule 3(f), which obviously anticipated the liberal trend as to the issue here in question, is very similar to the above federal rule. Our second basis for granting an extension is: "upon a showing of . . . circumstances beyond the control of appellant". In Rule 4(a)(5) it is: "upon a showing of . . . good cause".

On July 20, 1979, a few days before the effective date of amended federal Rule 4, the Fifth Circuit Court of Appeals decided *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061 (5th Cir. 1979). The panel ruled that the "excusable neglect" standard is intended to be a "strict one", that a showing of unique circumstances may render it unfair to dismiss an appeal because of late filing of the notice, that misapprehension of the import of an order of a court might not alone rise to the level of excusable neglect, and that mere palpable mistake by experienced counsel is not excusable neglect. *Id.* at 1063.

However, the *Chipser* court found that the order of the court was unclear and that the confusion was compounded by the judge's response to a question asked by appellant's attorney. The *Chipser* court stated:

[w]e cannot say that an extension of time is unwarranted when counsel is misled by good faith reliance on a statement of the district court. The circumstances of this case are sufficiently unique to justify a finding of excusable neglect.

*Id.* at 1063.

The court in *Chipser* called attention in a footnote to the proposed amendments to Rule 4(a) which added "good cause" to the reasons for extending appeal time. "The amendment does not apply to this case, but it indicates to us that flexibility is intended in granting of extensions." *Id.* at 1963, n.2.

Even under the past restriction that the cause of delay must be chargeable to excusable neglect, many federal courts have

fashioned reasonably lenient interpretations of this rule: *Silvia v. Laurie*, 594 F.2d 892 (1st Cir. 1979) (acknowledges that failure to receive notice can constitute a "showing of excusable neglect"); *Wansor v. George Hantscho Co., Inc.*, 570 F.2d 1202 (5th Cir. 1978), *cert. denied*, 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978) (sustained excusable neglect finding because attorney erroneously believed that time was being tolled by motion he had filed); *Feeder Line Tow. Serv., Inc. v. Toledo, P. & W. R.R. Co.*, 539 F.2d 1107 (7th Cir. 1976) (where there were conflicting sections regarding time for appeal, although the resolution of the apparent conflict was within access of counsel, court could not say good faith erroneous interpretation of the law was not excusable neglect); *Dugan v. Missouri Neon & Plastic Advertising Company*, 472 F.2d 944 (8th Cir. 1973) (where intention to appeal was belatedly revived because of a new decision of another court on similar important and decisive issues and where government was involved in both cases, court did not abuse its discretion in finding excusable neglect); *Torockio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82 (W.D.Penn.1973) (the court found excusable the attorney's belief that dismissal without prejudice was not a final order). *See also Thompson v. I. N. S.*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); *Harris Lines v. Cherry Meat Packers*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962).

Only one New Mexico case has been found that touches on the main issue here: *White v. Singleton*, 88 N.M. 262, 539 P.2d 1024 (Ct.App.1975). In that case, the Court of Appeals upheld the granting of an extension by the trial court on the grounds of circumstances beyond the control of plaintiffs or excusable neglect. The record showed that plaintiffs had tried to notify their attorney that they wished to appeal but were unable to reach him until the time had expired. The Court of Appeals agreed with the finding of the trial court that the extension was granted "for good cause shown".

▮ We hold that Rule 3 should be strictly construed so as to prevent the progres-

sive erosion of the rule to the point that attorneys will assume that they have sixty days within which to file notices of appeal. Mere failure to receive notice alone, work overload of attorneys, palpable error of counsel and other causes that do not rise to the level of "unique" circumstances that cannot be anticipated or controlled by a party's counsel are not sufficient.

 In this case there are some extenuating and "unique" circumstances: the possibility that prior counsel was not capable of properly handling the case; the change of lawyers that was well known to the judge and opposing counsel; the order of the judge requiring approval of the dismissal order by opposing counsel; the request for time by Sherman for Jeffreys to review the file; Jeffreys' reliance on the court's order which gave him the right to approve the final order; the misinterpretation of Sherman's letter by Crouch explaining to the judge, in effect, that Sherman authorized entry of the order since neither Sherman nor Jeffreys had answered in the "week" that was requested; neglect to give notice that the approval of opposing counsel to the order (as to form) would be dispensed with; the failure of the judge or Crouch to communicate with Jeffreys after knowing of his employment, and in the case of Crouch, after knowing of his objections to the dismissal order and Jeffreys' intention to appeal; and the good faith notification given to Crouch of intention to appeal. Many of these matters show good cause for Jeffreys' delay and his confusion. He did not reasonably expect the court and Crouch to totally ignore him after knowing that he was in the case.

However strictly we interpret this rule, we cannot under the circumstances ignore the position of Guess, the real party in interest, in this scenario. His complaint involves the death of his wife and two children. The seriousness of the case is one of the many elements for consideration in determining whether the conduct of an attorney might be considered excusable in the context of Rule 3.

We hold that the trial court abused its discretion in denying Guess' motion for an extension of time to file a notice of appeal. There was a sufficient showing of excusable neglect and circumstances beyond appellant's control to justify the extension.

Neither party raised the issue of the applicability of Section 39–1–2, N.M.S.A.1978, which provides for notice to attorneys before entry of judgment in cases where the court has not rendered judgment at the time of hearing and has taken the case under advisement. We refrain from treating this issue.

The case is reversed and remanded with instructions that Guess' motion for extension of time in which to file his notice of appeal shall be granted.

IT IS SO ORDERED.

SOSA, C. J., and FEDERICI, J., concur.