## FORSYTHE V. FORD MOTOR CO.

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**ROD FORSYTHE, Individually and as the Duly Appointed Personal Representative for the Wrongful Death Estate of his Daughter, ASHLEY FORSYTHE; CHRISTINE FORSYTHE, Mother; and DANISHA GOLDBERG, Sister,**
**Plaintiffs-Appellees,**
**v.**
**FORD MOTOR COMPANY, a Delaware corporation,**
**Defendant-Appellant,**
**and**
**THE ESTATE OF ROBERT MARTINEZ; DENISE DEAGUERO; WHITEFORD E. MCCRACKEN; JAY WALTON AUTOMOTIVE, INC.; E. JAY WALTON, Individually and as Corporate Director of JAY WALTON AUTOMOTIVE, INC.; RANDY LUCE, Individually; TRW, INC., an Ohio corporation; MORTON INTERNATIONAL, INC., as Successor to AUTOLIV NORTH AMERICA, INC., a Delaware corporation; BREED TECHNOLOGIES, INC., a Florida corporation; SIEMENS CORPORATION, a Delaware corporation; and DOES 1-10,**
**Defendants.**

Docket No. A-1-CA-37367
COURT OF APPEALS OF NEW MEXICO
May 24, 2019

APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY, John F. Davis, District Judge

### COUNSEL

Caren I. Friedman, Santa Fe, NM for Appellees

Snell & Wilmer, LLP, Todd E. Rinner, Albuquerque, NM, Miller, Canfield, Paddock & Stone, PLC, Paul D. Hudson, Kalamazoo, MI for Appellant.

### JUDGES

LINDA M. VANZI, Judge. WE CONCUR: MEGAN P. DUFFY, Judge, ZACHARY A. IVES, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant Ford Motor Company appeals from the district court's order granting Plaintiffs' motion for an extension of time to file their notice of appeal, as well as the denial of Defendant's motion for reconsideration of same. [RP 809-10, 929-31] On appeal, Defendant contends that Plaintiffs had not met the standard of excusable neglect necessary to support the extension. This Court issued a notice of proposed disposition, proposing to reverse the extension, and also issued an order staying Plaintiffs' appeal, Case No. A-1-CA-36702. Plaintiffs filed a memorandum in opposition and Defendant filed a memorandum in support, which we have duly considered. Unpersuaded by the memorandum in opposition, we reverse.

**{2}** In this Court's calendar notice, we proposed to reverse the district court's grant of an extension of time to file the notice of appeal, which was filed concurrently with the two-day-late notice, stating that when a motion for an extension is filed in between the thirty-day and sixty-day deadlines as Plaintiffs' was, the motion "may be granted on a showing of excusable neglect or circumstances beyond the control of the appellant." Rule 12-201(E)(3) NMRA. We proposed that no unusual circumstances in this case rose to the level of excusable neglect required in filing a motion for extension on appeal more than thirty days after the entry of judgment, as Plaintiffs only experienced a routine clerical error by counsel which, under our case law, is not considered unique or unable to be anticipated. *See Guess v. Gulf Ins. Co.*, 1980-NMSC-040, ¶ 17, 94 N.M. 139, 607 P.2d 1157.

**{3}** We review the grant of an extension in this circumstance for an abuse of discretion. *Id.* ¶ 9. Our Supreme Court has stated that the rule regarding requests for an extension outside of the thirty-day deadline "should be strictly construed so as to prevent the progressive erosion of the rule to the point that attorneys will assume that they have sixty days within which to file notices of appeal." *Id.* ¶ 17. "Mere failure to receive notice alone, work overload of attorneys, palpable error of counsel and other causes that do not rise to the level of 'unique' circumstances that cannot be anticipated or controlled by a party's counsel are not sufficient." *Id.*

**{4}** In their memorandum in opposition, Plaintiffs claim that they presented additional facts and expanded their argument at hearings before the district court. [MIO 1] However, they do not describe any additional facts beyond a claim that the notice of appeal was already late when appellate counsel was contacted by trial counsel, and an explanation that trial counsel was unused to receiving notification of a filing from the court days after it was entered on the docket. [MIO 4, 9] *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Thus, to the extent additional facts were provided to this Court, we conclude that the error leading to the late notice of appeal and request for an extension still amounts to a clerical error in calendaring and complying with the deadline for a notice of appeal.

**{5}** Plaintiffs argue in their memorandum in opposition that their request for an extension was "de minimis" and cite to federal case law defining excusable neglect as a presumption of carelessness or a mistake, among other out-of-jurisdiction citations and federal treatises examining related policy concerns. [MIO 6-10] Such authorities, however, do not govern our interpretation of New Mexico procedural rules when we have relevant and applicable New Mexico case law available. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 9, 84 N.M. 717, 507 P.2d 778 ("[T]he Court of Appeals is to be governed by the precedents of [the New Mexico Supreme Court]."). In the present context, our Supreme Court has stated that the standard for excusable neglect is higher than that argued by Plaintiffs. *See Guess*, 1980-NMSC-040, ¶ 17; *see also Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 30, 140 N.M. 920, 149 P.3d 1017 (holding that the failure to timely file a notice of appeal due to claimed miscommunication between clients and counsel, with "plenty of time and several opportunities to correct any miscommunication" did not rise to the level of excusable neglect); Plaintiff has not demonstrated that their calendaring error rose to the level of New Mexico's excusable neglect standard for a late notice of appeal. To the extent appellate counsel describes the dates of her communications with Plaintiffs' trial counsel, we note that "claims of excusable neglect that attempt to disaggregate an appellant's conduct from that of its agent will generally fail." *Capco Acquisub, Inc.*, 2007-NMCA-011, ¶ 28.

**{6}** Based on the foregoing, we therefore reverse. In addition, this Court has issued a contemporaneous order dismissing the merits of this untimely appeal currently pending with this Court as Case No. A-1-CA-36702.

**{7}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**