519 P.2d 291

**Raymond L. ROMERO and Lucy S. Romero, his wife, Plaintiffs-Appellants and Cross-Appellees,**

**v.**

**Camilo E. SANCHEZ and Della R. Sanchez, his wife, Defendants-Appellees and Cross-Appellants.**

**No. 9786.**

Supreme Court of New Mexico.

Feb. 8, 1974.

Rehearing Denied March 7, 1974.

**56**

Ahern & Montgomery, Michael L. Danoff, Albuquerque, for appellants.

Avelino V. Gutierrez, Albuquerque, for appellees.

## OPINION

OMAN, Justice.

This is the second time this cause has been before us on appeal. On the first occasion a summary judgment in favor of defendants was reversed. Romero v. Sanchez, 83 N.M. 358, 492 P.2d 140 (1971).

Plaintiffs are husband and wife, as are defendants. Plaintiff, Raymond (Ramon) L. Romero, and defendant, Della R. Sanchez, are brother and sister. This cause arises out of a parol contract for the sale of lands by plaintiffs to defendants. Pursuant to this contract, defendants took and still retain possession of the lands and have made valuable improvements thereon. Plaintiffs, by their complaint filed October 28, 1968, apparently sought in the alternative (1) recovery of the amount they claimed remained unpaid on the purchase price of the property, (2) rescission of the contract, or (3) posses-

sion of the property and claimed damages for the alleged wrongful withholding of possession by defendants.

The trial court entered judgment for plaintiffs in the amount of $5,250 which it found to be still due and owing by defendants to plaintiffs on the agreed purchase price. Plaintiffs have appealed and defendants have cross-appealed. We affirm in part and reverse in part.

[1] We shall first dispose of plaintiffs' appeal in which they claim they are entitled to a larger sum than the trial court awarded them by way of the unpaid balance on the purchase price, or, in the alternative, to a rescission of the contract or the imposition of a constructive trust in their favor. This claim of right to a constructive trust was first raised in this Court on appeal. Consequently, we would not consider it, even if there were merit to it. City of Albuquerque v. Ackerman, 82 N.M. 360, 482 P.2d 63 (1971); State ex rel. Brown v. Hatley, 80 N.M. 24, 450 P.2d 624 (1969); Wynne v. Pino, 78 N.M. 520, 433 P.2d 499 (1967); 2 N.M. Digest, Appeal and Error, ☞ 169 (1970), and the great number of cases cited thereunder.

■ Plaintiffs have made no direct attack on any of the findings of the trial court. In fact they have totally disregarded Supreme Court Rule 15(6), second paragraph, and 15(16) [§ 21–2–1(15)(6), second paragraph, and (15)(16), N.M.S.A. 1953 (Repl. Vol. 4, 1970)]. Thus, they must fail in their claim that the unpaid balance of the purchase price was greater than the amount found by the trial court. See Wood v. Citizens Standard Life Insurance Company, 82 N.M. 271, 480 P.2d 161 (1971); Clovis National Bank v. Thomas, 77 N.M. 554, 425 P.2d 726 (1967); Anderson v. Jenkins Construction Co., 83 N.M. 47, 487 P.2d 1352 (Ct.App. 1971).

■ Obviously plaintiffs cannot recover the unpaid balance of the purchase price on the contract and also have the contract rescinded. We do not understand plaintiffs to so contend. Conse-

quently, their claim, that the trial court abused its discretion in failing to grant rescission, is totally without merit.

We now turn our attention to defendants' cross-appeal. They first claim that the trial court erred in finding they owed plaintiff the sum of $5,250 on the purchase price. Their claim is predicated upon their assertion that an agreement dated November 16, 1955 conclusively shows that the agreed purchase price then remaining unpaid by them was only an additional $900 which they had agreed to pay. The trial court did find that defendants had agreed to pay the additional $900 and that they had paid $650 thereon. However, the trial court also found that $5,000 remained unpaid on the originally agreed purchase price of $10,000, in addition to the $250 remaining unpaid on the $900.

■ At trial defendants contended that the purchase price originally agreed upon was $5,000, rather than $10,000 as found by the trial court. They at no time claimed to have paid $10,000. Now they seek to convert the language appearing at the end of the brief agreement dated November 16, 1955 into a conclusive admission by plaintiffs that the $10,000 had been paid. This language was: "$900.00 is the balance of said property." Plaintiff, Raymond Romero, testified this language did not appear on the agreement when he signed it. His position finds support in the fact that this agreement was typewritten, and this quoted language therefrom is not consistent in spacing or alignment with the preceding language. Mrs. Romero never signed it.

In any event, this language is not conclusive in view of testimony which was received into evidence without objection and which clearly supports the finding of the trial court that $5,250 remained unpaid on the total agreed purchase price of $10,900.

■ Defendants next contend plaintiffs' causes of action were barred by § 23-1-4, N.M.S.A. 1953 (a four-year limitation on causes arising out of unwritten contracts) and § 23-1-3, N.M.S.A. 1953 (a six-year limitation on causes arising out of written contracts). Defendants predicate their contention on the fact that the trial court found the initial agreement to have been that the $10,000 purchase price was "payable at $200.00 per month," and the $900 was "payable within one and one-half years from" November 16, 1955.

The trial court also made the following findings of fact which in no way have been challenged:

"* * *. That it was further agreed between the parties that at such time as the defendants had paid the total purchase price of $10,000.00, plaintiffs would execute and deliver to defendants a deed covering said real estate.

"That the Defendants did not pay said $10,000.00 except for the sum of $5,000.00; * * *.

"* * *.

"That in August of 1954 the plaintiffs [defendants] approached defendants [plaintiffs] in the State of California and represented to plaintiffs that in order to have said property assessed for tax purposes, it would be necessary for plaintiffs to execute and deliver a deed to defendants covering the aforesaid real estate. That plaintiffs [defendants] further represented to defendants [plaintiffs] that said deed would not be filed for record until defendants had paid plaintiffs the balance due on the agreement.

"That plaintiffs, in reliance on the aforesaid representations of defendants, executed and delivered to defendants a quitclaim deed to the aforesaid property. That said deed was executed by plaintiffs in the State of California. [The acknowledgment was purportedly executed on March 2, 1953 in Albuquerque, New Mexico, where defendants resided.]

"That the defendants waited until November 24, 1961, a period of approximately seven years, and on said date did cause said deed to be recorded in the records of the County Clerk of Valencia County, New Mexico. That

plaintiffs did not learn that the afore-mentioned deed had been recorded until February of 1968."

As stated above, the plaintiffs filed their complaint in this case on October 28, 1968.

The relationship of the parties, the evidence as to the manner and amounts paid by defendants to and for the benefit of plaintiffs in the total amount of $5,000 on the originally agreed purchase price of $10,000, and the rejection by the trial court of the defense of the statute of limitations, all lend support to a clear implication that the initial agreement as to the times and amounts of payments by defendants on the purchase price was not adhered to and was changed by agreement of the parties. It is not clear from the unchallenged findings of the trial court just when payment of the $10,000 was to be made, but clearly defendants were to pay the full amount of the purchase price before recording the quitclaim deed, even assuming the deed was validly executed and subject to valid recordation.

In any event, the finding, that the initial agreement was that the purchase price of $10,000 would be paid in monthly payments of $200, does not in itself control, and a computation of time based thereon is not conclusive of the time or times plaintiffs' cause or causes of action arose. On appeal every reasonable intendment and presumption will be resolved against appellants [defendants here] and in favor of the proceedings in the trial court. Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967).

The written agreement of November 16, 1955, pertaining to a three-acre tract omitted from the aforesaid quitclaim deed of August 1954 and to the additional $900 to be paid by defendants, recited that the agreement was to be performed "as best we can, or within a year-half from date." Plaintiffs conveyed this three-acre tract to defendants by warranty deed dated November 16, 1955. Defendants paid plaintiffs $650, but have not paid the remaining $250. However, in view of the express and unattacked finding by the trial court that the $900 was "payable within one and one-half years from" November 16, 1955, it appears obvious that the cause of action for this $250 was barred by § 23-1-3, supra.

Defendants' final claim, that "Plaintiffs' action is barred by laches," is clearly without merit. The elements of laches are set forth in Cave v. Cave, 81 N.M. 797, 802, 474 P.2d 480, 485 (1970). These elements are not applicable to plaintiffs' claim for the unpaid $5,000 still owing to them by defendants on the original purchase price of $10,000.

The judgment should be reversed and the cause remanded to the district court with directions to vacate the same and to enter a judgment for plaintiffs against defendants in the amount of $5,000 and costs of suit.

The parties shall bear their respective costs incurred on this appeal.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.