730 P.2d 1194

Olivia HINOJOSA, Petitioner-Appellant,

v.

STATE of New Mexico, ex rel. EMPLOYMENT SECURITY DEPARTMENT and Village of Hatch, Respondents-Appellees.

No. 9153.

Court of Appeals of New Mexico.

Nov. 25, 1986.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, for petitioner-appellant.

Paul G. Bardacke, Atty. Gen., Richard Baumgartner, Sp. Ass't. Atty. Gen., Santa Fe, for respondent-appellee Employment Security Department.

Beverly Singleman, Martin, Cresswell, Hubert & Hernandez, P.A., Las Cruces, for respondent-appellee Village of Hatch.

## OPINION

HENSLEY, District Judge (by designation).

Petitioner Hinojosa appeals from the district court judgment that the findings of the Employment Security Department Appeal Tribunal denying unemployment benefits were supported by substantial evidence, and that the conclusions of misconduct on the part of petitioner should be affirmed. The single issue asserted on appeal is whether petitioner was properly disqualified from receiving unemployment compensation benefits. We affirm.

### FACTS

Petitioner was an employee of the respondent Village of Hatch (Village), and although she was paid by the Village, she was actually a clerk for the State Department of Motor Vehicles (DMV). She worked independently, by herself, within the offices of the Village clerk and did her own paperwork, collected monies on behalf of the state in her own separate cash drawer, gave receipts to customers, and deposited the monies collected in a bank account separate from the Village accounts. She was hired by the Village Board of Trustees, and worked as an independent agent of the State of New Mexico and was not supervised by any Village personnel.

Petitioner was responsible to the DMV for collection of all monies in the Village involving the Motor Vehicle Department, and had been informed by the Motor Vehicle Department, Santa Fe office, that any shortages in her cash drawer would have to

be made up out of her own pocket. She also admitted that on at least one occasion her cash drawer was short by $55.50, which amount she was required to make up from her personal funds. The evidence in the record below consists mainly of eight documentary exhibits reflecting petitioner's deliberate falsification of public records and mishandling of public funds. These exhibits, numbered 1 through 8, all show that a copy of the appropriate State DMV form was given to petitioner's customer showing a specific charge for services. The local bank deposit slip reflecting this transaction would agree with the amounts charged on the customer's copy. However, the original document sent to Santa Fe reflected a smaller charge and receipt from the customer than the local records showed. Petitioner explained all of these discrepancies, but there are no records, nor has the petitioner alleged that there are, which officially reflect or corroborate her explanations or account for the discrepancies in the official records. Petitioner admitted that she deliberately falsified records and diverted customer monies to her cash drawer shortages with regard to exhibits 5 & 6. The total amount of money shown diverted by petitioner was insignificant.

Petitioner was discharged from employment with the Village on February 15, 1984, and she filed a claim for unemployment compensation benefits on February 22, 1984. On March 14, 1984, the Employment Security Department awarded petitioner benefits because the Village had not responded to the notice of claim on a timely basis. The Village appealed from this determination and after a hearing of record, the Appeal Tribunal's hearing officer issued a decision reversing that determination and disqualifying the petitioner from receipt of benefits because she had been discharged for misconduct in connection with her employment. The Employment Security Department's Board of Review affirmed this decision on September 12, 1984. A petition for certiorari was filed with the District Court of Dona Ana County to review the final decision of the Board of Review. The district court, after reviewing the record and hearing oral argument by counsel for all parties, affirmed the decision of the Employment Security Department on both the facts and the law.

## DECISION

The district court properly reviewed the entire record and held that the administrative hearing officer's findings made in the decision issued on July 30, 1984, were supported by substantial evidence in the whole record. *Grauerholtz v. N.M. Labor & Industrial Com'n.*, 104 N.M. 674, 726 P.2d 351 (1986); *Alonzo v. N.M. Employment Security Commission*, 101 N.M. 770, 689 P.2d 286, 288 (1984); *Duke City Lumber Co. v. N.M. Environmental Improvement Board*, 101 N.M. 291, 681 P.2d 717 (1984). In reviewing the decision and findings of an administrative tribunal of the district court, the correct standard is the "whole record standard" as enunciated in *Duke City Lumber Co. v. N.M. Environmental Improvement Board.* On certiorari, the district court correctly applied this standard.

The function of this court is to review the evidence considered by the lower court and not reweigh it. *Duke City Lumber Co. v. Terrel*, 88 N.M. 299, 540 P.2d 229 (1975); *Getz v. Equitable Life Assurance Society*, 90 N.M. 195, 561 P.2d 468 (1977). Every reasonable intendment and presumption will be resolved against the petitioner in favor of proceedings in the trial court. *Chavez v. Employment Security Commission*, 98 N.M. 462, 649 P.2d 1375, 1378 (1982); *Romero v. Sanchez*, 86 N.M. 55, 519 P.2d 291 (1974). This court will also view the evidence in the light most favorable to the successful party. *Clovis National Bank v. Harmon*, 102 N.M. 166, 692 P.2d 1315, 1317–18 (1984); *Jones v. N.M. State Racing Commission*, 100 N.M. 434, 671 P.2d 1145 (1983); *State ex rel. Reynolds v. Lewis*, 84 N.M. 768, 508 P.2d 577 (1973). We have defined "substantial evidence" as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Toltec International Inc. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186, 188 (1980).

■ Petitioner was a public servant working in a position necessarily requiring a high standard of ethical behavior, and the evidence and findings of the district court and Appeal Tribunal below clearly show that petitioner altered paperwork and collected money from customers in excess of that showed owing on the altered documents sent to Santa Fe. Her actions clearly constituted misconduct within the meaning of the unemployment compensation law. The ruling of the Employment Security Department and the district court were supported by substantial evidence and not contrary to law.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.