**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2013-NMCA-008

Filing Date: November 1, 2012

Docket No. 31,007

FASTBUCKS OF ROSWELL, NEW MEXICO, LLC,
FASTBUCKS OF ALAMOGORDO, NEW MEXICO, LLC,
FASTBUCKS OF GALLUP, NEW MEXICO, LLC,
FASTBUCKS OF LAS VEGAS, NEW MEXICO, LLC,
FASTBUCKS OF RIO RANCHO, NEW MEXICO, LLC,
FASTBUCKS HOLDING CORP., FASTBUCKS, INC.,
and FASTBUCKS WAGE AND BENEFITS, LLC,

      Plaintiffs-Appellants,

v.

GARY K. KING, Attorney General of the
STATE OF NEW MEXICO,

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Ralph D. Shamas, District Judge**

Streubel Kochersberger Mortimer, L.L.C.
David A. Streubel
Donald F. Kochersberger III
Albuquerque, NM

for Appellants

Scott Fuqua, Assistant Attorney General
Santa Fe, NM

for Appellee

**OPINION**

**FRY, Judge.**

**{1}** Plaintiffs, which are several FastBucks-related entities (FastBucks), appeal the decision of the Fifth Judicial District Court (5th district court) denying FastBucks' petition for mandamus relief against the Attorney General on the basis that granting relief would unduly interfere with pending litigation between the parties before the First Judicial District Court (1st district court). Because we conclude that the 5th district court properly exercised its discretion in denying the petition for mandamus to defer to a sister court already having jurisdiction over the parties and the issues, we affirm.

**BACKGROUND**

**{2}** On June 18, 2009, the Attorney General filed suit against numerous FastBucks entities in 1st district court (AG Lawsuit) challenging FastBucks' lending practices and certain consumer loans issued throughout the state. The Attorney General claimed that the loans and lending practices at issue in the AG Lawsuit are unconscionable pursuant to common law and the New Mexico Unfair Practices Act, NMSA 1978, Sections 57-12-1 to -26 (1967, as amended through 2009). The Attorney General alleged that interest rates on these loans routinely exceeded 500 percent per annum and that prolonged amortization periods resulted in cumulative payments over five times the principal of the original loan amounts. The Attorney General further alleged that FastBucks offered the loans without giving consumers a meaningful opportunity to negotiate and failed to conduct meaningful inquiries into the likelihood or ability of the borrowers to successfully complete repayment. The Attorney General requested that the district court declare FastBucks' lending practices and loan terms unconscionable and award restitution, civil penalties, and injunctive relief.

**{3}** Exactly one year later, following unsuccessful attempts by FastBucks to obtain pretrial dismissal of the AG Lawsuit, FastBucks filed a petition for writ of mandamus against the Attorney General in the 5th district court seeking to prohibit the Attorney General from continuing to pursue the AG Lawsuit. FastBucks alleged that its loans were "made in full compliance with all relevant statutory and regulatory mandates," specifically those found in the New Mexico Small Loan Act of 1955, NMSA 1978, Sections 58-15-1 to -39 (1955, as amended through 2007), and that the Attorney General was therefore acting beyond the limits of his statutory and constitutional power in bringing the suit. Citing the Legislature's repeal of hard interest caps for small loans in 1981, *see* Section 58-15-14 (repealed effective July 1, 1983), Fastbucks alleged that the AG Lawsuit was an attempt by the Attorney General to "usurp[] the province of the Legislature" by "seeking to have a court make policies that the Legislature refused to enact."

**{4}** In response to FastBucks' petition, the Attorney General argued that granting the petition would result in an inappropriate intrusion on the 1st district court's jurisdiction over the pending AG Lawsuit. During a hearing on the issues raised in the petition and response, the district court expressed concern over whether issuing the writ against the Attorney General would, in effect, be issuing the writ against another district court contrary to Article VI, Section 13 of our New Mexico Constitution. Following subsequent briefing by the parties on this issue, the court denied the petition on the ground that it "should not interfere

2

with the litigation pending in the [1st] . . . [d]istrict [court]." FastBucks appealed.

## DISCUSSION

**{5}** FastBucks' sole issue on appeal is whether the 5th district court's decision to effectively abstain from interfering in the AG Lawsuit by dismissing the mandamus petition was a proper basis on which to deny FastBucks mandamus relief.

## Standard of Review

**{6}** FastBucks argues that the appropriate standard of review is de novo because this case requires interpretation of the statutes allocating power to the Attorney General and statutes governing mandamus. *See State ex rel. Shell W. E & P, Inc. v. Chavez*, 2002-NMCA-005, ¶ 7, 131 N.M. 445, 38 P.3d 886 (recognizing that statutory interpretation presents a question of law which an appellate court reviews de novo). However, as noted above, the 5th district court dismissed FastBucks' petition out of deference to the pending AG Lawsuit in the 1st district court. Therefore, this appeal does not require us to analyze or apply the statutes relied upon by FastBucks. Instead, given the nature of the district court's ruling, and as further explained below, the proper standard of review for this case is abuse of discretion.

**{7}** While mandamus procedure is "technical in nature and closely regulated by statute[,]" *Mimbres Valley Irrigation Co. v. Salopek*, 2006-NMCA-093, ¶ 10, 140 N.M. 168, 140 P.3d 1117, the writ is an extraordinary remedy, *Cobb v. State Canvassing Bd.*, 2006-NMSC-034, ¶ 20, 140 N.M. 77, 140 P.3d 498, and district courts retain discretion when ruling on the propriety of issuing the writ in any given case. *See* NMSA 1978, § 44-2-4 (1884) (stating that writ of mandamus "*may* be issued . . . to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station" (emphasis added)); *Territory ex. rel Gildersleeve v. Perea*, 6 N.M. 531, 553, 30 P. 928, 934 (1892) (stating that the "courts have large discretionary powers in mandamus cases"), *superseded by statute as stated in Cavender v. Phillips*, 41 N.M. 235, 249-50, 67 P.2d 250, 251-52 (1937); *see also* 52 Am. Jur. 2d *Mandamus* § 25 (2012) ("The issuance of a writ of mandamus is a matter resting within the sound discretion of the court."). Accordingly, where, as here, the district court exercised its discretion to deny the writ petition for prudential reasons rather than as an application and interpretation of the statutes governing either mandamus or the powers of the Attorney General, we review the denial for an abuse of discretion. *Cf. Brantley Farms v. Carlsbad Irrigation Dist.*, 1998-NMCA-023, ¶ 30, 124 N.M. 698, 954 P.2d 763 (holding that the district court abused its discretion in not applying collateral estoppel to bar the petitioners' claim for a writ of mandamus); *see also* 52 Am. Jur. 2d *Mandamus* § 26 (2012) (stating that a court's ruling on issuance of mandamus should be reviewed under an abuse of discretion standard). A district court abuses its discretion if its decision is "contrary to logic and reason," *Paz v. Tijerina*, 2007-NMCA-109, ¶ 8, 142 N.M. 391, 165 P.3d 1167, or if it "exceeds the bounds of reason, all the circumstances before it being considered." *Matrix Prod. Co. v. Ricks Exploration, Inc.*, 2004-NMCA-135, ¶ 21, 136 N.M. 593, 102 P.3d 1285 (internal quotation marks and citation omitted).

**The 5th District Court Properly Denied Mandamus in Deference to the 1st District Court**

**{8}** In urging this Court to reverse the district court's decision, FastBucks argues that: (1) the district court properly had jurisdiction to issue the writ of mandamus, (2) venue was proper in the district court, and (3) FastBucks made the requisite showing entitling it to mandamus relief. In essence, FastBucks contends that if a district court properly has jurisdiction to hear a mandamus proceeding, there is no reason for that district court to deny the petitioner a ruling on the merits of the mandamus petition in that petitioner's chosen forum.

**{9}** We agree that the 5th district court had jurisdiction to consider the mandamus petition. *See* N.M. Const. art. VI, § 13 (giving district courts jurisdiction to issue writs of mandamus, provided that such jurisdiction does not extend to issuing a writ "directed to judges or courts of equal or superior jurisdiction"); *see also* NMSA 1978, Section 44-2-3 (1884) (stating that "[t]he district court has exclusive original jurisdiction in all cases of mandamus, except where such writ is to be directed to a district court or a judge thereof in his official capacity"). FastBucks sought mandamus to prohibit the Attorney General from pursuing the AG Lawsuit. Consequently, if the writ had issued, it would have been directed to the Attorney General and not to the district court. Therefore, no jurisdictional issues prevented FastBucks from petitioning the 5th district court for mandamus relief.

**{10}** Moreover, it appears venue was proper in the 5th district court. *See* NMSA 1978, § 38-3-1(G) (1988) ("Suits against any state officers as such shall be brought in the court of the county in which their offices are located, at the capital or in the county where a plaintiff, or any one of them . . . resides[.]"). In this case, FastBucks of Roswell, New Mexico, LLC's residency in Chavez County allowed the FastBucks entities to file the petition in the 5th district court in accordance with Section 38-3-1(G).

**{11}** Despite FastBucks' correct assertions as to jurisdiction and venue, we disagree that these considerations alone entitled FastBucks' to a determination of the merits underlying the petition in this case. Rather, we consider the propriety of the district court's action in denying the petition in deference to pending litigation between the parties in a sister district court. For the reasons that follow, we conclude that the district court did not abuse its discretion, especially given that FastBucks has the opportunity to raise the same arguments raised in its mandamus petition in the context of its defense to the AG lawsuit.

**{12}** The principles underlying the district court's decision are supported by previous decisions of our Supreme Court. In *Board of Comm'rs of Guadalupe Cnty. v. Dist. Court of Fourth Judicial Dist.*, the Supreme Court declined to issue a writ of prohibition against the district court where doing so would interfere with a pending mandamus proceeding in the district court. 29 N.M. 244, 266, 223 P. 516, 523 (1924). In emphasizing the "spirit of confidence and respect" that should exist between courts of inferior and superior jurisdiction, the Supreme Court opined that it was "not within the province of this court to interfere by

4

a [writ of prohibition] with the duties of the district court which is proceeding to hear and determine the matter before it." *Id.* at 261, 223 P. at 521.

**{13}**    *Guadalupe County* provides an example of our Supreme Court's hesitancy to interfere in a pending proceeding before an inferior court. The Supreme Court has also recognized that this same spirit of deference extends to the relationship between two sister courts of equal jurisdiction. In *Heimann v. Adee*, 1996-NMSC-053, 122 N.M. 340, 924 P.2d 1352, the Supreme Court relied on the "principles of judicial comity" rooted in our state constitution in holding that NMSA 1978, Section 39-4-1 (1919), vests exclusive jurisdiction over execution procedures in the court rendering judgment. *See Heimann*, 122 N.M. at 345, 924 P.2d at 1357 (reasoning that "important principles of inter-court comity and finality provide[d] sound legal bases" for interpreting the execution statutes as granting exclusive jurisdiction to the court exercising jurisdiction over the judgment at issue). The Supreme Court recognized that these principles of inter-court comity were especially warranted where the parties have more appropriate legal avenues to relief in another court. *See id.* (stating "it would be inappropriate to have a district court reviewing proceedings ordered by another district court . . . [and s]uch review should come, if at all, from an appropriate appellate court").

**{14}**    These two cases articulate a principle of deference, much akin to the doctrine of comity,[1] that district courts should exercise in deciding whether to entertain a suit that may interfere with another court's jurisdiction over the same parties and issues. *Cf. Allstate Ins. Co. v. Firemen's Ins. Co.*, 76 N.M. 430, 434, 415 P.2d 553, 555-56 (1966) (upholding the district court's dismissal of a declaratory judgment action wherein the plaintiff sought adjudication of issues already being determined in pending litigation in California). Not only does this principle of deference foster the spirit of respect that should exist among our courts, it is also justified by the interests of judicial economy and prevention of piecemeal litigation recognized elsewhere in our body of law. *See, e.g.*, *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 239, 824 P.2d 1033, 1041 (1992) (noting the "strong policy in New Mexico disfavoring piecemeal appeals"); *Slide-A-Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 105 N.M. 433, 435, 733 P.2d 1316, 1318 (1987) (noting that one purpose of compulsory counterclaims is to achieve resolution of all disputes arising out of common matters in a single lawsuit); *First State Bank v. Muzio*, 100 N.M. 98, 101, 666 P.2d 777, 780 (Ct. App. 1983) (discussing principle of judicial economy forbidding defendants from splitting their defenses in order to present them in a piecemeal fashion), *overruled on other grounds by Huntington Nat'lBank v. Sproul*, 116 N.M. 254, 861 P.2d 935 (1993).

**{15}**    In challenging the district court's exercise of deference in this case, FastBucks

---

[1]*See Nat'l Bank of Ariz. v. Moore*, 2005-NMCA-122, ¶ 22, 138 N.M. 496, 122 P.3d 1265 ("Judicial comity is the principle in accordance with which the courts of one state or jurisdiction give effect to the laws and judicial decisions of another, not as a matter of obligation but out of deference and respect." (internal quotation marks and citation omitted)).

contends that considerations of deference or "comity" will work to "deprive a defendant targeted by the Attorney General from challenging the legitimacy of his litigation in a forum chosen by the defendant." We do not share FastBucks' concern. Apart from removal proceedings to federal court, rarely, if ever, does a defendant have the opportunity to challenge the legitimacy of a civil suit in a forum of the defendant's choosing. *See* 28 U.S.C. § 1441(a) (2006) (removal of civil actions). Furthermore, our holding should not be construed as uniformly requiring a district court to deny a petition for mandamus out of deference to a suit that is pending before another district court. Rather, the district court, in exercising its discretion, should take into account the similarities of parties and issues and consider whether the district court first having jurisdiction over the matter is properly situated to settle the whole controversy and address the rights of the respective parties. *See, e.g.*, *Diet Ctr., Inc. v. Basford*, 855 P.2d 481, 483 (Idaho Ct. App. 1993) (discussing factors a court should consider in deciding whether to exercise jurisdiction over a case where similar litigation is pending between the parties elsewhere). We are satisfied that the district court took these factors into consideration and ruled accordingly in denying mandamus relief.

{16}    Based upon the foregoing, we cannot say that the district court acted contrary to logic and reason in dismissing FastBucks' mandamus petition. The district court's ruling was grounded in the practical reality that issuing a writ of mandamus would intrude on a sister court's jurisdiction and that the 1st district court provided an adequate forum for FastBucks to raise its constitutional and statutory challenges to the Attorney General's powers. *Cf.* NMSA 1978, § 44-2-5 (1884) (stating that mandamus will not lie where there exists a plain, speedy, and adequate remedy at law). Accordingly, we hold that the district court did not abuse its discretion in denying FastBucks' petition for mandamus.

**CONCLUSION**

{17}    For the foregoing reasons, we affirm the district court's order of dismissal and denial of the petition for mandamus.

{18}    **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *Fastbucks of Roswell, NM., LLC v. King*, No. 31,007**

**APPEAL AND ERROR**
Standard of Review

**CIVIL PROCEDURE**
Separate Trials
Writs

**JURISDICTION**
District Court

**REMEDIES**
Writ of Mandamus