This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOSE EMILIO ARAGON,**

Petitioner-Appellant,

v.                                                                          **NO. 35,490**

**CITY OF LAS VEGAS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Matthew E. Chandler, District Judge**

Jose Emilio Aragon
Las Vegas, NM

Pro Se Appellant

City of Las Vegas
David E. Romero Jr., City Attorney
Las Vegas, NM

for Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Petitioner, Jose Emilio Aragon, a self-represented litigant, appeals from a district court order dismissing his petition for a writ of mandamus. This Court issued a calendar notice proposing to summarily affirm. Petitioner filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}    In our calendar notice, we recognized that NMSA 1978, Section 44-2-4 (1884), permits a district court to deny a petition for a writ of mandamus for prudential reasons. [CN 2] We also noted that mandamus is an "extraordinary" remedy. [CN 2] *See FastBucks of Roswell, N.M., LLC v. King*, 2013-NMCA-008, ¶ 7, 294 P.3d 1287. Finally, we observed that when a district court declines to issue a writ of mandamus out of prudential concerns, we review for an abuse of discretion. [CN 2] *Id.* ¶ 5. After reviewing Petitioner's assertions of error, as laid out in his informal docketing statement, we suggested that he had not met his burden to demonstrate error. [CN 4-5] Consequently, we proposed to conclude that the district court did not abuse its discretion in dismissing Petitioner's petition for a writ of mandamus. [CN 5]

{3}    In his memorandum in opposition, Petitioner takes issue with our proposed disposition, arguing that he is actually appealing the district court's failure to grant his motion for default judgment. [MIO 1] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶

24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Petitioner's specific contention is that he filed a motion for default judgment for Respondent's failure to timely answer the petition but that the district court never ruled on his motion. [MIO 1-2] However, from our review of the record before this Court, we note that the district court denied Petitioner's motion for default judgment, as well as Petitioner's amended motion for default judgment, on January 22, 2016. [RP 101] The district court denied the motions because it found that Respondent filed a timely response to the petition. [RP 101] Petitioner has not put forth any specific challenge to the district court's findings or conclusions, nor has he provided this Court with authority in support of his position, aside from a general—and inapposite—citation to Federal Rule of Civil Procedure 55. [*See* MIO 1-2] We are thus unconvinced that Petitioner has demonstrated that the district court erred in relation to his motion for default judgment. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the district court is correct and the burden is on the appellant to clearly demonstrate that the district court erred); *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating

3

that where a party cites no authority to support an argument, we may assume no such authority exists).

**{4}** To the extent that Petitioner continues to assert, as he did in his docketing statement, that the district court erred in not addressing his claims regarding the mayor of the City of Las Vegas's "expropriation of [Petitioner's] monies[,]" we remain unpersuaded that the district court erred. [MIO 1-2; *see also* DS 26] As we noted in our calendar notice, Petitioner's docketing statement actually minimized the aspect of his mandamus petition dealing with his requested recall of the mayor and instead focused on an apparent claim against the mayor and the city for damages. [CN 4-5] We observed that Petitioner had not provided us with facts regarding these claims, nor did he explain how these claims were related to his petition for a writ of mandamus. [CN 5] Notably, Petitioner has not provided us with any amplification or clarity in his memorandum in opposition. [*See generally* MIO 1-2] "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. This Court will review pro se arguments to the best of its ability, but it cannot respond to unintelligible arguments. *See Clayton v. Trotter*, 1990-NMCA-078, ¶¶ 12-17, 110 N.M. 369, 796 P.2d 262 (declining to address unintelligible and unascertainable arguments). Therefore, we decline to address this undeveloped, unintelligible argument. *See*

*Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

{5}     We conclude that Petitioner has not met his burden to clearly demonstrate that the district court erred in this case. Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**