This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN THE MATTER OF THE ESTATE OF JOE D. WHITTENBURG, JR., Deceased.**

**GINGER BOONE,**

Personal Representative-Appellant,

and                                                                 **NO. 35,590**

**WANDA WHITTENBURG,**

Intervenor-Appellee.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Steven K. Sanders & Associates, L.L.C.
Steven K. Sanders
Albuquerque, NM

for Appellant

Hinkle Shanor LLP
Stephen S. Shanor
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}      Appellant has challenged the dismissal of the underlying probate proceedings. We previously issued a notice of proposed summary disposition in which we proposed to uphold the district court's disposition. Memoranda in support and in opposition have been filed. After due consideration, we affirm.

{2}      The pertinent background has previously been set forth. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}      Appellant continues to argue that the district court erred in dismissing in deference to the previously-filed Texas proceedings. We understand her to assert that our proposed reliance upon principles of judicial deference, as set forth in *FastBucks of Roswell, New Mexico, LLC v. King*, 2013-NMCA-008, 294 P.3d 1287, is improper for two reasons: first, because she is not a party to the Texas litigation, and second, because the equities should favor her choice of forum. [MIO 1-8] For the reasons that follow, we remain unpersuaded.

{4}      We acknowledge that Appellant may not be a party to the Texas proceedings at this juncture. However, as the district court observed, those proceedings are ongoing, and Appellant is at liberty to intervene in order to present her claims. [RP 365] Appellant does not dispute this. [MIO 1-8] Accordingly, Appellant "has the opportunity to raise the same arguments" in that forum. *Id.* ¶ 11. We further note that

the district court took the additional precautionary step of dismissing without prejudice, to ensure that Appellant may further pursue her claims here in the unlikely event that she should be precluded from so doing in Texas. [RP 368] Under the circumstances, the fact that Appellant has yet to take steps to participate in the Texas proceedings does not alter our assessment.

{5}     Appellant further contends that her status as the first-appointed personal representative, and her alleged status as the decedent's common-law wife, should entitle her to pursue her claims in New Mexico, as her forum of choice. [MIO 3-5] Relatedly, she argues that a variety of factors associated with the doctrine of forum non conveniens weigh in her favor. [MIO 5-8]  However, as we previously observed, [CN 5] Appellant has cited no authority to suggest that her status should preclude application of the broad principles of comity and deference upon which the district court relied.  The doctrine of forum non conveniens, which was neither invoked nor applied below, does not require a different result.

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the district court's election to defer to the Texas proceedings was well within its discretion.  We therefore affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

3

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**