This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40631**

**PIERRE AMESTOY,**

Plaintiff-Appellant,

v.

**NEW MEXICO RACING COMMISSION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Eric D. Dixon, Attorney & Counselor at Law, P.A.
Eric D. Dixon
Portales, NM

for Appellant

Jackson Loman Stanford Downey & Stevens-Block, P.C.
Eric Loman
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Plaintiff Pierre Amestoy appeals the district court's order granting Defendant New Mexico Racing Commission's motion to dismiss for failure to state a claim on which relief could be granted. Plaintiff claims that he stated a proper claim for mandamus and for violations of his procedural and substantive due process rights, pursuant to the New Mexico Civil Rights Act (CRA), NMSA 1978, §§ 41-4A-1 to-13 (2021). We conclude that the district court properly dismissed Plaintiff's claims under the CRA because Plaintiff failed to assert the deprivation of a protected property or liberty interest or other

substantive right entitling him to constitutional protections. Additionally, we conclude that the district court did not abuse its discretion in denying Plaintiff's petition for a writ of mandamus because Plaintiff did not establish that a violation of a right entitled him to extraordinary relief. Therefore, we affirm.

**BACKGROUND**

**{2}**     We draw the following facts from Plaintiff's allegations as set forth in his complaint. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917 (stating that, on review of a motion to dismiss, "we accept all well-pleaded factual allegations in the complaint as true" (internal quotation marks and citation omitted)).

**{3}**     This dispute arises from a quarter horse race held at Sunland Park in January 2020. Plaintiff is the owner of a racehorse named Freedom Flash that ran in the disputed race and placed second to a horse named Major Bites. Following the win, an official veterinarian for Defendant collected a urine sample from Major Bites for drug testing. Clenbuterol, a prohibited substance, was detected in Major Bites' urine sample.

**{4}**     Due to the presence of a prohibited substance in Major Bites' urine sample, the Sunland Park Board of Stewards[1] (the Stewards) held a disciplinary hearing for Major Bites' owner and trainer. The Stewards determined that, based on the drug test results, the owner and trainer had violated New Mexico Racing Commission Rules. As a result, the trainer was suspended for eighteen months and fined $15,000. Additionally, the owner's winnings were revoked and Major Bites was disqualified from the disputed race. Due to Major Bites' disqualification, Freedom Flash was declared the first-place finisher of the race.

**{5}**     Major Bites' owner and trainer appealed the Stewards' disciplinary ruling to Defendant.[2] In March 2021, a hearing officer appointed by Defendant upheld the disqualification and loss of purse. Defendant adopted the hearing officer's report, findings of fact, conclusions of law, and recommendations, and the sanctions were upheld.

**{6}**     In November 2021, Major Bites' owner and trainer further appealed Defendant's ruling to the district court pursuant to Rule 1-075 NMRA. The district court reversed Defendant's imposition of sanctions because "the [disciplinary proceeding] was not considered in an open meeting" in violation of Defendant's regulations. The district court accordingly concluded that Defendant's decision was "void," and the court remanded the matter "for any further proceedings necessary and consistent with the [o]pinion." Defendant did not bring another disciplinary action against Major Bites' owner and

---

1A steward is "an employee of the [New Mexico Racing Commission] who supervises horse races and oversees a race meet while in progress, including holding hearings regarding licensees and enforcing the rules of the commission and the horse racetrack." NMSA 1978, § 60-1A-2(GG) (2007).
2"A person who has been aggrieved by a ruling of the stewards may appeal to the commission." 15.2.1.9(A)(9)(a) NMAC.

trainer on remand. As a result, Major Bites was reinstated as the first-place finisher of the disputed race.

**{7}** Plaintiff sued Defendant in January 2022 alleging violations of his substantive and procedural due process rights and violations of equal protection[3] due to Defendant's failure to award Plaintiff, as the owner of Freedom Flash, the first-place winner's purse. As a result of these alleged violations, Plaintiff sought actual and consequential damages, a declaratory judgment finding that Freedom Flash was the first-place finisher in the disputed race,[4] and injunctive relief or a writ of mandamus compelling Defendant to pay the first-place purse to Plaintiff. Defendant filed a motion to dismiss all of Plaintiff's claims, arguing that Plaintiff's complaint failed to state a claim under Rule 1-012(B)(6) NMRA. The district court granted Defendant's motion and dismissed Plaintiff's claims. Plaintiff appeals.

## DISCUSSION

**{8}** We review motions to dismiss a complaint for failure to state a claim under Rule 1-012(B)(6) de novo. *Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861. In considering a motion to dismiss, we test "the legal sufficiency of the complaint, not the factual allegations of the pleadings which, for purposes of ruling on the motion, the court must accept as true." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 2, 134 N.M. 43, 73 P.3d 181 (internal quotation marks and citation omitted). Accepting all well-pleaded factual allegations in the complaint as true, we "resolve all doubts in favor of sufficiency of the complaint." *Delfino*, 2011-NMSC-015, ¶ 9 (internal quotation marks and citation omitted). Dismissal under Rule 1-012(B)(6) is appropriate only where the nonmoving party is "not entitled to recover under any theory of the facts alleged in their complaint." *Delfino*, 2011-NMSC-015, ¶ 12 (internal quotation marks and citation omitted).

**{9}** Plaintiff argues that the district court erred in dismissing his constitutional claims against Defendant because: (1) Plaintiff is entitled to relief for deprivation of his constitutionally protected property or liberty interests, in the ability to engage in his chosen profession and in a fair horse race, without due process; and (2) Plaintiff is entitled to relief for violations of substantive due process. Additionally, Plaintiff argues that the district court abused its discretion in denying his petition for mandamus because Defendant had a nondiscretionary duty to disqualify Major Bites after he tested positive for a banned substance. Finally, Plaintiff argues for the first time on appeal that

---

3Plaintiff's claims regarding equal protection are not at issue on appeal.

4Though Plaintiff states that he is seeking a declaratory judgment pursuant to the Declaratory Judgment Act, NMSA 1978, §§ 44-6-1 to -15 (1975), he makes no argument on appeal as to why the district court erred in denying the requested relief. As Plaintiff has not met his burden to demonstrate error, we decline to review the issue on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

he is entitled to relief against Defendant under a common law cause of action or for breach of contract. We address each of these arguments below.

## I. New Mexico Civil Rights Act

**{10}** Plaintiff brings his claims for violations of both substantive and procedural due process pursuant to the CRA. Under the CRA, a person can recover for violations of "rights, privileges or immunities" secured pursuant to the bill of rights of the New Mexico Constitution. Section 41-4A-3(B). Article II, Section 18 of the New Mexico Constitution states that "[n]o person shall be deprived of life, liberty or property without due process of law." The due process clause protects individuals against violations of both procedural and substantive due process. *See Nash v. Bd. of Cnty. Comm'rs of Catron Cnty.*, 2021-NMSC-005, ¶ 36, 480 P.3d 842.

**{11}** Our Supreme Court has previously interpreted New Mexico's due process clause more broadly than the United States Supreme Court has interpreted the federal due process clause in certain circumstances. *See, e.g.*, *Montoya v. Ulibarri*, 2007-NMSC-035, ¶ 23, 142 N.M. 89, 163 P.3d 476 (holding that New Mexico's due process clause requires that habeas petitioners must be permitted to assert claims of actual innocence); *State v. Vallejos*, 1997-NMSC-040, ¶ 32, 123 N.M. 739, 945 P.2d 957 (holding that all forms of entrapment violate New Mexico's due process clause). *See generally State v. Gomez*, 1997-NMSC-006, ¶ 19, 122 N.M. 777, 932 P.2d 1 (providing that we may "diverge from federal precedent for three reasons: a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics"). However, New Mexico courts still rely on federal procedural due process analysis to address due process challenges under the state constitution. *See Titus v. City of Albuquerque*, 2011-NMCA-038, ¶ 40, 149 N.M. 556, 252 P.3d 780 (addressing procedural due process); *Nash*, 2021-NMSC-005, ¶¶ 35-36 (addressing substantive due process). On appeal, Plaintiff does not argue that a test distinct from the federal standard should apply to his procedural or substantive due process under the state constitution. As Plaintiff has not argued that we should depart from the federal due process standard, we decline to do so at this time. *See State v. Randy J.*, 2011-NMCA-105, ¶ 30, 150 N.M. 683, 265 P.3d 734 (declining to decide an undeveloped state constitutional argument).

### A. Procedural Due Process

**{12}** We first address Plaintiff's assertion that he is entitled to relief for violation of his procedural due process rights because Defendant did not bring another disciplinary action against Major Bites' owner and trainer after the district court reversed the disqualification and other penalties. "Procedural due process requires the government to give notice and an opportunity to be heard before depriving an individual of liberty or property." *Madrid v. St. Joseph Hosp.*, 1996-NMSC-064, ¶ 26, 122 N.M. 524, 928 P.2d 250. "Before a procedural due process claim may be asserted, the plaintiff must establish that [(1) they were] deprived of a legitimate liberty or property interest and that [(2) they were] not afforded adequate procedural protections in connection with the

deprivation." *Titus*, 2011-NMCA-038, ¶ 40. We conclude that Plaintiff did not establish that he was deprived of a legitimate property or liberty interest.

**{13}** First, Plaintiff argues that Defendant deprived him of his constitutionally protected interest in practicing his chosen profession of horse racing. A license to own and race horses "is a privilege and not a right within the meaning of the due process clause . . . ." *Sanderson v. N.M. Racing Comm'n*, 1969-NMSC-031, ¶ 7, 80 N.M. 200, 453 P.2d 370. However, a horse's owner "has a right to engage in [their] chosen profession and is entitled to due process of law if [they are] to be lawfully denied an opportunity to do so." *State Racing Comm'n v. McManus*, 1970-NMSC-134, ¶ 19, 82 N.M. 108, 476 P.2d 767.

**{14}** Here, Plaintiff did not allege any facts in his complaint that Defendant deprived him of his right to engage in horse racing. Plaintiff did not allege that Defendant took any action against Plaintiff or his license, nor did he allege that Defendant attempted to prevent Plaintiff from engaging in horse racing. Plaintiff did not allege that he was ever at risk of losing his license to earn a living in his chosen profession. Thus, Plaintiff has not established that he is entitled to relief for an alleged deprivation of his right to practice horse racing.

**{15}** Second, Plaintiff argues that he was denied his right to a fair horse race when Defendant violated its own rules and regulations and did not attempt to discipline Major Bites' owner and trainer after the initial disqualification and penalties were voided and reversed by the district court. In support, Plaintiff relies on *Edelberg v. Illinois Racing Board*, 540 F.2d 279, 285 (7th Cir. 1976), for the proposition that horse owners have a property interest subject to due process protections in a fair horse race. In *Edelberg*, the United States Court of Appeals for the Seventh Circuit stated that substance use regulations in horse racing "protect[] the property rights of the owners of the horses that do compete fairly . . . ." *Id.* at 283. However, *Edelberg* does not state which property rights of horse owners are protected by these regulations, nor does Plaintiff identify such rights. "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Moreover, Plaintiff does not cite any additional authority to support the idea that he had a constitutionally protected interest in a fair contest. Where a party cites no authority to support an argument, we may assume no such authority exists. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Thus, Plaintiff has not established that he was deprived of an interest protected by the New Mexico Constitution.

**{16}** Moreover, to the extent that Plaintiff argues that Defendant's failure to follow its own regulations after the matter was remanded from district court violated due process, we disagree. "State substantive rights . . . must not be confused with procedural requirements. Identifying the contours of the substantive right begins a task distinct from deciding what procedural protections are necessary to protect that right." *Garcia v. Las Vegas Med. Ctr.*, 1991-NMCA-053, ¶ 14, 112 N.M. 441, 816 P.2d 510 (internal quotation marks and citation omitted). Again, because Plaintiff did not allege any deprivation of a constitutionally protected property or liberty interest, we do not get to

the question of what protections—such as following regulations—were necessary to comport with due process.[5] Therefore, we conclude that the district court did not err in dismissing his procedural due process claims.

## B.      Substantive Due Process

**{17}**     Next, Plaintiff argues that the district court erred in dismissing his claim for violation of substantive due process. "Substantive due process cases inquire whether a statute or government action shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Bounds v. State ex rel. D'Antonio*, 2013-NMSC-037, ¶ 50, 306 P.3d 457 (internal quotation marks and citation omitted). To prevail on a claim of substantive due process, a plaintiff must either "establish that [their] property interests were injured by governmental action that shocks the conscience," *Moongate Water Co. v. State*, 1995-NMCA-084, ¶ 18, 120 N.M. 399, 902 P.2d 554, or demonstrate that they were deprived of a fundamental right or liberty not enumerated in the constitution, *see Morris v. Brandenburg*, 2016-NMSC-027, ¶ 22, 376 P.3d 836 (discussing federally recognized substantive due process rights such as the right to marriage, to use contraception, and to have children).

**{18}**     As previously discussed, Plaintiff has not demonstrated a deprivation of any property or liberty interest. Moreover, Plaintiff does not argue that the right to a fair contest is a fundamental personal interest derived from the New Mexico Constitution such that New Mexico should consider it a right protected by substantive due process. This Court has no duty to review an argument that is not adequately developed. *See Headley*, 2005-NMCA-045, ¶ 15 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the Court to evaluate the claim). Thus, we decline to further address Plaintiff's assertion that Defendant deprived him of a fundamental right in violation of substantive due process.

## II.      Mandamus

**{19}**     We next turn to Plaintiff's claim that the district court erred in denying his petition for mandamus. "[T]he grant or denial of a petition for writ of mandamus is reviewed for an abuse of discretion." *State ex rel. Stapleton v. Skandera*, 2015-NMCA-044, ¶ 5, 346 P.3d 1191. "A district court abuses its discretion if its decision is contrary to logic and reason, or if it exceeds the bounds of reason, all the circumstances before it being considered." *FastBucks of Roswell, N.M., LLC v. King*, 2013-NMCA-008, ¶ 7, 294 P.3d 1287 (internal quotation marks and citations omitted).

---

5Even if we were to construe Plaintiff's argument as an assertion of a property interest in agency enforcement of its regulations, Plaintiff fails to cite any authority to support such an assertion. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Further, upon our own review, the weight of authority contradicts such an argument. *Cf. Starko, Inc. v. Gallegos*, 2006-NMCA-085, ¶ 23, 140 N.M. 136, 140 P.3d 1085 ("It would fundamentally change § 1983 jurisprudence to hold that a violation of any state statute is a per se violation of the United States Constitution, even where that state statute grants a protected property interest.").

**{20}**     "There are two requirements for mandamus to issue: (1) the petitioner must establish a clear legal right to the performance of the duty sought to be enforced; and (2) the act to be compelled must be ministerial constituting a nondiscretionary duty which the respondent is required to perform." *Wallbro v. Nolte*, 2022-NMCA-027, ¶ 20, 511 P.3d 348 (internal quotation marks and citation omitted), *cert. granted*, 2022-NMCERT-004 (S-1-SC-38773). However, "[w]here there is no violation of a right, a court lacks the power to compel an officer of a coordinate branch of government to perform a duty." *Kerr v. Parsons*, 2016-NMSC-028, ¶ 30, 378 P.3d 1.

**{21}**     In this case, mandamus is not proper because Plaintiff did not establish that his rights were violated. The district court only had the power to compel Defendant to act if Defendant violated a right held by Plaintiff by not bringing a second disciplinary action against Major Bites' owner and trainer after the original action was dismissed. *See id.* (providing that where a flat fee arrangement and the appropriations act did not violate the claimant's right to effective assistance of counsel, the district court lacked power to issue a remedial order). Plaintiff, however, identifies no such right in his briefing. Accordingly, the district court did not abuse its discretion in denying Plaintiff's petition for mandamus.

### III.     Plaintiff's Additional Arguments

**{22}**     Finally, we briefly address Plaintiff's remaining assertions in his brief in chief that he is entitled to relief under a common law theory of recovery or for breach of contract.

**{23}**     Plaintiff does not dispute Defendant's contention that neither a common law theory of recovery nor a breach of contract claim were ever raised in the district court proceeding. As a result, we will not address the potential viability of these new causes of action that were raised for the first time on appeal. *See Romero v. Sanchez,* 1974-NMSC-013, ¶ 4, 86 N.M. 55, 519 P.2d 291 (recognizing that a new claim raised for the first time on appeal would not be considered, "even if there were merit to it").

### CONCLUSION

**{24}**     For the reasons set forth herein, we affirm the district court's order granting Defendant's motion to dismiss.

**{25}    IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**