This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40399**

**BRYCE FRANKLIN,**

      Plaintiff-Appellant,

v.

**THE GEO GROUP and GCCF FACILITY
RECORDS COORDINATOR,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan Biedscheid, District Court Judge**

Bryce Franklin
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}**    Plaintiff Bryce Franklin, a self-represented state inmate, appeals the district court's order denying his verified petition for alternative writ of mandamus (the Petition) to compel Defendant GEO Group, a contractor overseeing the housing of state prisoners at the Guadalupe County Correctional Facility (GCCF), and Defendant GCCF Facility Records Coordinator's (collectively, Defendants) compliance with the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2023), and New Mexico Corrections Department (NMCD) policy. We affirm.

**BACKGROUND**

**{2}**    Defendants denied Plaintiff's requests to review records Plaintiff believed to be contained in his inmate file. Plaintiff filed the Petition, requesting that Defendants be ordered to: (1) "[c]omply with [their] non-d[i]scretionary duty to produce the requested

legal documents," pursuant to IPRA;[1] and (2) "[c]omply with [their] non-discretionary duty to provide inmates with access to daily contact with [a c]lassification officer," pursuant to NMCD policy. At a hearing, the district court judge acknowledged that "IPRA allows the court to enter such a writ when it's clearly nondiscretionary," but explained that "looking at [the] Petition, I found that there were issues that are discretionary." In particular, the district court determined that Plaintiff's second request regarding "how office hours are conducted . . . and how opportunities are given to inmates to review their records" involved discretionary acts. The district court judge explained, "There's enough of a mix of discretionary and nondiscretionary [acts] that I think it's inappropriate for me to enter the writ as requested." The district court accordingly denied the Petition, but gave Plaintiff leave to file a complaint and serve it upon Defendants so "they have an opportunity to answer and be heard." Plaintiff did not file a complaint and instead appealed the district court's denial of his Petition.

**DISCUSSION**

**{3}** As Plaintiff recognizes, we review the district court's denial of the Petition for an abuse of discretion. *See N.M. Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, ¶ 15, 460 P.3d 43 ("We generally review the granting or denial of a writ of mandamus under an abuse of discretion standard." (internal quotation marks and citation omitted)). "A district court abuses its discretion if its decision is contrary to logic and reason, or if it exceeds the bounds of reason, all the circumstances before it being considered." *FastBucks of Roswell, N.M., LLC v. King*, 2013-NMCA-008, ¶ 7, 294 P.3d 1287 (internal quotation marks and citations omitted). For mandamus to issue, "the petitioner must establish a clear legal right to the performance of the dut[ies] sought to be enforced" and demonstrate that "the act[s] to be compelled [are] ministerial constituting . . . nondiscretionary dut[ies] which the respondent is required to perform." *Wallbro v. Nolte*, 2022-NMCA-027, ¶ 20, 511 P.3d 348 (internal quotation marks and citation omitted); *see* NMSA 1978, § 44-2-4 (1884) (providing that a writ of mandamus "may be issued . . . to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station"). "[T]he exercise of discretionary power or the performance of a discretionary duty cannot be controlled by mandamus." *Brantley Farms v. Carlsbad Irrigation Dist.*, 1998-NMCA-023, ¶ 22, 124 N.M. 698, 954 P.2d 763; *see State ex rel. Egolf v. N.M. Pub. Regul. Comm'n*, 2020-NMSC-018, ¶ 14, 476 P.3d 896 ("A writ of mandamus . . . cannot control discretion lawfully vested in the official functions of a state official.").

**{4}** On appeal, Plaintiff focuses on his first request in the Petition—that Defendants be ordered to comply with IPRA. Specifically, Plaintiff argues that GEO Group is a public body for purposes of IPRA, and that the facts alleged in the Petition establish an IPRA violation. Plaintiff thus argues that Defendants had a nondiscretionary duty to comply with IPRA. Even if we assume Plaintiff is correct on this point, it provides no basis for reversal.

---

[1] Plaintiff additionally sought penalties, fees, and costs under IPRA.

**{5}** As discussed, the district court ruled that issuing a writ of mandamus would be inappropriate because Plaintiff's second request in the Petition—that GEO Group be ordered to provide inmates with daily access to a classification officer—sought enforcement of a discretionary duty, i.e., not a nondiscretionary, ministerial duty for which mandamus may issue. On appeal, Plaintiff does not challenge this ruling. Nor does Plaintiff argue that a district court abuses its discretion by denying a petition for writ of mandamus that requests enforcement of both discretionary and nondiscretionary duties. In the absence of such arguments, Plaintiff has given us no reason to conclude that the district court erred. *See Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 (providing that, "[o]n appeal, there is a presumption of correctness in the rulings and decisions of the district court," and thus "it is the appellant's burden to persuade us that the district court erred" (internal quotation marks and citation omitted)).

**{6}** In light of the district court's unchallenged rulings, we perceive no abuse of discretion in the court's denial of the Petition. Because "[a] writ of mandamus may be issued only to force a clear legal right against one having a clear legal duty to perform an act," *Nat'l Educ. Ass'n of N.M. v. Santa Fe Pub. Schs.*, 2016-NMCA-009, ¶ 17, 365 P.3d 1 (internal quotation marks and citation omitted), the denial of a petition that seeks enforcement of a discretionary duty, as here, is not an abuse of discretion. *See, e.g.*, *Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 35, 492 P.3d 586 (describing a writ of mandamus as "a drastic remedy to be invoked only in extraordinary circumstances and then only to force a clear legal right against one having a clear legal duty to perform an act" (internal quotation marks and citation omitted)); *FastBucks of Roswell, N.M., LLC*, 2013-NMCA-008, ¶ 7 (providing that "district courts retain discretion when ruling on the propriety of issuing the writ in any given case"); *see also, e.g.*, 55 C.J.S. Mandamus § 2 (2025) ("The writ of mandamus may not issue to compel performance in doubtful cases, or if the act contains any element of discretion, however slight." (footnotes omitted)).

**CONCLUSION**

**{7}** We accordingly affirm.

**{8}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**